**CITY OF AKRON, Appellee,**

v.

**TURNER, Appellant.**

[Cite as *Akron v. Turner* (1993), 91 Ohio App.3d 595.]

Court of Appeals of Ohio,
Summit County.

No. 16309.

Decided Nov. 17, 1993.

*Gerald Larson*, Assistant Law Director, for appellee.

*Paul Adamson*, for appellant.

DICKINSON, Judge.

Defendant James Turner has appealed from an order of the Akron Municipal Court that granted forfeiture of stereo equipment from his automobile. He has argued that the trial court (1) incorrectly found that Akron sufficiently complied with the notice provisions of R.C. 2933.43, and (2) incorrectly granted forfeiture without making a specific finding that the forfeiture at issue was not excessive. This court reverses and remands this matter for further proceedings because the city failed to comply with the notice provisions of R.C. 2933.43.

## I

Defendant was convicted of violating Section 132.16 of the Akron City Code. That section provides, in part, that it is a minor misdemeanor to "generate or permit to be generated unreasonable noise or loud sound which is likely to cause

inconvenience or annoyance to persons of ordinary sensibilities by means of a radio." Subpart (E) of Section 132.16 provides:

"In any violation of this section involving sound equipment in a motor vehicle, both the sound equipment and the motor vehicle are hereby deemed contraband and subject to seizure and forfeiture under Ohio Revised Code Sections 2933.41 through 2933.43."

Defendant's conviction was based upon his use of the stereo equipment in his automobile.

Defendant's arrest occurred on November 19, 1992. At that time, his automobile was impounded by the Akron Police Department. The automobile, with the stereo equipment intact, was released to defendant on January 29, 1993, after he posted a cash bond and agreed to preserve the automobile and the stereo equipment in their then-current condition.

On March 31, 1993, following a bench trial, defendant was found guilty. The city then moved, on April 6, 1993, for forfeiture of the stereo equipment from defendant's automobile. A hearing was held on the city's forfeiture motion on April 21, 1993. Defendant attended that hearing, but argued to the trial court, among other things, that the city had not complied with the notice requirements of R.C. 2933.43(C). On May 20, 1993, the trial court ordered the stereo equipment forfeited to the city "for its destruction or sale at auction without further order of the court." On June 2, 1993, defendant was sentenced to pay a $25 fine plus court costs. He filed his notice of appeal to this court on June 3, 1993.

## II

### A

Defendant's first assignment of error is that the trial court incorrectly found that the city sufficiently complied with the notice provisions of R.C. 2933.43. R.C. 2933.43(C) provides, in part, as follows:

"The petitioner * * * shall give notice of the forfeiture proceedings by personal service or by certified mail, return receipt requested, to any persons known * * * to have an ownership or security interest in the property, and shall publish notice of the proceedings once each week for two consecutive weeks in a newspaper of general circulation in the county in which the seizure occurred."

The city has conceded that it did not strictly comply with the notice requirements of R.C. 2933.43. It argued, however, that defendant suffered no prejudice from that failure. Specifically, the city argued that it substantially complied with

the notice requirements of R.C. 2933.43 and that, not only did defendant have actual notice of the forfeiture hearing, he attended it.

In *Ohio Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 605 N.E.2d 368, the Ohio Supreme Court held that the notice requirements of R.C. 2933.43 are mandatory and that forfeiture is inappropriate when a petitioner has failed to strictly comply with them. The Supreme Court specifically rejected the argument, made by the city in this case, that substantial compliance with the notice requirements of R.C. 2933.43 adequately protects a property owner's due process rights and, therefore, is sufficient. A party seeking forfeiture must comply with both due process and mandatory, statutory requirements. Compliance with due process requirements alone does not excuse a failure to comply with mandatory, statutory requirements. *Id.* at 535–536, 605 N.E.2d at 370–371. Defendant's first assignment of error is sustained.

### B

■ Defendant's second assignment of error is that the trial court incorrectly granted forfeiture without making a specific finding that the forfeiture at issue was not excessive. Defendant argued to the trial court, among other things, that Section 132.16(E) of the Akron City Code is unconstitutional because it provides "for forfeiture of substantial property rights for violation of a minor misdemeanor." In *Austin v. United States* (1993), —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488, which was decided after the trial court's decision in this case, the United States Supreme Court ruled that forfeitures are subject to the excessive fine provision of the Eighth Amendment to the United States Constitution. Upon remand, if the city again seeks forfeiture of the stereo equipment from defendant's automobile and complies with the notice requirements of R.C. 2933.-43(C), the trial court should, before ordering forfeiture, determine that issue. Defendant's second assignment of error is sustained.

### III

Defendant's assignments of error are sustained. The judgment of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

Cook, P.J., and Reece, J., concur.