**The STATE of Ohio, Appellant,**

**v.**

**KNOX, Appellee.**

[Cite as *State v. Knox* (1995), 102 Ohio App.3d 147.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17035.

Decided June 28, 1995.

148

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Philip D. Bogdanoff*, Assistant Prosecuting Attorney, for appellant.

*Lawrence J. Whitney*, for appellee.

Reece, Judge.

Appellant, the state of Ohio, appeals from the trial court's determination that the state may not pursue forfeiture under R.C. 2933.43, Ohio's contraband forfeiture statute, if the defendant's underlying crime is drug abuse in violation of R.C. 2925.11. We reverse.

The defendant-appellee, Eric E. Knox, Sr., was charged with drug abuse after police discovered cocaine in his 1986 Pontiac Grand Am. Pursuant to R.C. 2933.43, the state petitioned for forfeiture of the Grand Am as contraband. At the forfeiture hearing, the trial court did not receive any evidence other than the parties' limited stipulations; however, the court instructed the parties to brief several issues of law. After considering the briefs, the court held that drug abuse could not serve as the underlying felony for contraband forfeiture under R.C. 2933.43. Instead, the court held that R.C. 2925.42, the felony drug abuse forfeiture statute, "govern[s] over the general forfeiture provisions of [R.C.] 2933.43 where felony drug abuse offenses are concerned." Under R.C. Chapter 2925, however, a violation of R.C. 2925.11, drug abuse, is expressly excluded from the list of felony drug abuse offenses that may serve as the underlying offense for felony drug abuse forfeiture. See R.C. 2925.01(I) and 2925.42(A)(1). The trial court concluded, therefore, that the legislature intended to exclude violations of R.C. 2925.11, drug abuse, from the scope of both felony drug abuse forfeiture and contraband forfeiture. The state appeals, asserting one assignment of error.

The state's assignment of error raises a single issue of law: May a violation of R.C. 2925.11, drug abuse, serve as the underlying felony for contraband forfeiture under R.C. 2933.43? We answer in the affirmative and, therefore, reverse the judgment of the trial court.

First, we agree with the trial court that drug abuse is expressly excluded from the definition of "felony drug abuse offense" in R.C. 2925.01(I) and, therefore, may not serve as the underlying offense for felony drug abuse forfeiture under R.C. 2925.42. We do not agree, however, with the trial court's interpretation of the legislature's intent concerning the scope of contraband forfeiture under R.C. 2933.43.

The trial court held that R.C. 2925.42 (felony drug abuse forfeiture) is the exclusive statutory forfeiture provision when a defendant's underlying criminal act is a felony drug abuse offense. This holding is contrary to the plain language of R.C. 2925.44(E), which provides that "Sections 2925.41 to 2925.45 of the Revised Code do not prohibit, and shall not be construed as prohibiting, a law enforcement officer from seeking the forfeiture of contraband associated with a felony drug abuse offense pursuant to section 2933.43 of the Revised Code." See, also, *State v. Calhoun* (May 3, 1995), Lorain App. No. 94CA005824, unreported, at 10, 1995 WL 255929. In light of R.C. 2925.44(E), it is clear the legislature did not intend to exclude felony drug abuse offenses from the scope of contraband forfeiture under R.C. 2933.43. Nevertheless, because drug abuse is not a felony drug abuse offense under R.C. Chapter 2925, our inquiry does not end with the plain language in R.C. 2925.44(E). Rather, we must determine whether in excluding drug abuse from the scope of felony drug abuse forfeiture, the legislature likewise intended to exclude drug abuse from the scope of contraband forfeiture.

As part of its reasoning, the trial court held that R.C. 2925.42, the felony drug abuse forfeiture statute, was a special statutory provision of the Revised Code that conflicted with the general contraband forfeiture provision in R.C. 2933.43. On the basis of this conflict, the trial court concluded that the special provision should prevail over the general provision under the statutory construction rule in R.C. 1.51. As discussed previously, however, no conflict exists between the two forfeiture statutes because the legislature expressly reconciled the two statutes in R.C. 2925.44(E). Therefore, in the absence of statutory conflict, the statutory construction rule in R.C. 1.51 does not apply, and each statute must be given its full and independent effect.

Under R.C. 2933.43, a motor vehicle may be forfeited if the vehicle is used in conjunction with a felony that involves the possession, concealment, transportation, receipt, purchase, sale, lease, rent, or transfer of contraband. The language in R.C. 2933.43 does not limit which contraband-related felonies may serve as the basis for contraband forfeiture. Consequently, in the absence of an express statutory limitation, drug abuse, a crime involving the use or possession of a controlled substance, may serve as the underlying offense for contraband forfeiture if the drug abuse offense rises to the level of a felony under R.C. 2925.11.

Any other interpretation of the language in R.C. 2933.43 would deprive the contraband forfeiture statute of its full and independent effect.

■ In reaching a contrary result, the trial court reasoned that the same policy considerations which prompted the legislature to exclude drug abuse from the scope of felony drug abuse forfeiture also militated in favor of excluding drug abuse from the scope of contraband forfeiture. We do not agree. It is a fundamental rule of statutory review that a court may not pass judgment on the wisdom of legislation or substitute its judgment for that of the legislative body. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 48, 616 N.E.2d 163, 172–173. The contraband forfeiture statute and the felony drug abuse forfeiture statute contain different procedures and presumptions; thus, the legislature may have decided that the policy considerations which prompted excluding drug abuse from the scope of felony drug abuse forfeiture did not apply in light of the different procedures and presumptions involved in contraband forfeiture. Such a decision was well within the discretion of the legislature, and it is not within the province of this court or of the trial court to second-guess the exercise of that discretion or question the wisdom of such a determination. Accordingly, in the absence of an express legislative intent to exclude drug abuse from the scope of contraband forfeiture, a violation of R.C. 2925.11 may serve as the underlying felony for contraband forfeiture under R.C. 2933.43. The state's assignment of error is sustained.

In opposing the state's forfeiture petition in the trial court, Knox also claimed that forfeiture of his Grand Am was an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. Because the trial court denied forfeiture on the grounds discussed previously, the trial court did not reach this issue. As a result, the excessive fine issue is not ripe for our review and should be addressed in the first instance on remand. See *State v. Hill* (1994), 70 Ohio St.3d 25, 32–35, 635 N.E.2d 1248, 1254–1256; *Akron v. Turner* (1993), 91 Ohio App.3d 595, 598, 632 N.E.2d 1374, 1376.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

QUILLIN, P.J., and DICKINSON, J., concur.