{¶ 92} I respectfully dissent with the majority on the issue of the lack of notice of the forfeiture hearing provided to defendant. The majority argues that, because the forfeiture was stated in the indictment and because a forfeiture hearing is governed by the Civil Rules, Civ.R. 5(B) controls and precludes the necessity of personal service or certified mail service on the defendant. Civ.R. 5(B) states in pertinent part:
 {¶ 93} "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court."
 {¶ 94} Under the Civil Rules, service of a complaint is governed by Civ.R. 4.1, which requires a complaint be served upon each defendant in the complaint by certified mail, personal service, or residence service. Analogizing the indictment with the complaint in a civil case, the majority states that because defendant was aware of the forfeiture listed in the indictment, he did not need notice of the specific hearing by personal service or certified mail.
 {¶ 95} The majority errs, however, in this reasoning. R.C.2933.43(C) specifically requires that personal or certified mail service be made upon the owner of the property after the prosecutor has filed his petition for forfeiture. Further, the statute makes very specific requirements regarding the timing and manner of the notice. The statute provides in pertinent part:
 {¶ 96} "The prosecuting attorney * * * who has the responsibility for the prosecution of the underlying criminal case * * * shall file a petition for the forfeiture to the seizing law enforcement agency of the contraband seized * * *. The petition shall be filed in the court that has jurisdiction over the underlying criminal case * * * involved in the forfeiture. * * *
 {¶ 97} "The petitioner shall conduct * * * a search of the appropriate public records that relate to the seized property for the purpose of determining * * * any person having an ownership or security interest in the property. The petitioner then shall
give notice of the forfeiture proceedings by personal service or by certified mail, return receipt requested, to any persons known * * * to have an ownership or security interest in the property, and shall publish notice of the proceedings once each week for two consecutive weeks in a newspaper of general circulation in the county in which the seizure occurred. The notices shall be personally served, mailed, and first published at least four weeks before the hearing." (Emphasis added.)
 {¶ 98} The use of "shall" in a statute makes the required action mandatory. Casalicchio, supra. The defendant, therefore, must receive service for a valid forfeiture.
 {¶ 99} Case law affirms this requirement. In City of Akron v.Turner (1993), 91 Ohio App.3d 595, the court held that despite the defendant's appearance at the forfeiture hearing, the lack of proper notice required reversal. The court therefore remanded the case for further proceedings and explained: "A party seeking forfeiture must comply with both due process and mandatory, statutory requirements. Compliance with due process requirements alone does not excuse a failure to comply with mandatory, statutory requirements." Id. at 598, citingOhio Dept. of Liquor Control v. Sons of Italy Lodge 0917 (1992),65 Ohio St.3d 532, 535-536.
 {¶ 100} This court, similarly, has reversed forfeiture when the notice requirements were not met. "The court * * * erred in ordering the appellant's jewelry and other personal belongings forfeit. There is no evidence in the record of compliance with the notice provisions and publication requirements which are so explicit in the statute." State v.Roberson (1995), Cuyahoga App. No. 64956, 1995 Ohio App. LEXIS 118, at *26.
 {¶ 101} This court has explicitly articulated the necessity of strict compliance with the statute: "R.C. 2933.43(C) * * * provides mandatory notice, publication and hearing requirements for the forfeiture of personal property. The language of R.C. 2933.43(C) is mandatory; it requires strict compliance with the notice and publication provisions contained therein. * * * Thus, where the state has failed to precisely comply with the procedural notice requirements, the forfeiture petition must be dismissed." State v. Rahmon (1993), Cuyahoga App. No. 63913, 1993 Ohio App. LEXIS 5190, at *33-34.
 {¶ 102} The majority opinion ignores this court's precedent, as well as the clear language of the statute. Because the prosecutor never obtained proper service on the defendant, I would vacate the results of the forfeiture hearing and remand for a hearing following proper service in compliance with the statute.