OPINION
{¶ 1} Defendant-appellant, Draco Ltd., PLL a Partnership, dba Dogpatch, appeals from a judgment of the Franklin County Court of Common Pleas ordering the forfeiture of certain property seized from defendant's liquor permit premises. Defendant assigns one error:
 {¶ 2} "The Franklin County Common Pleas Court erred to the defendant-appellant's prjudice [sic] in determining that the owner of certain equipment and funds were [sic] given proper notice of forfeiture hearing pursuant to R.C. § 2943.33 [sic]."
 {¶ 3} Because the common pleas court erred in determining proper notice was provided under R.C. 2933.43, we reverse.
 {¶ 4} On December 4, 2000, Jacqueline Largent, an agent of the Ohio Department of Public Safety ("division"), along with Sergeant James Phister and Detective Nancy Woodbery of the Akron Police Division Vice Unit, entered the permit premises of defendant, a D1, D3 and D3A liquor permit holder, acting upon a complaint that gambling was occurring on the permit premises. After conducting an investigation, Largent confiscated an electronic video gambling device known as a "Lucky Shamrock Phone Card Dispenser" and $227 contained inside the machine.
 {¶ 5} An investigative report Largent filed on January 11, 2001 stated that the owner of the permit premises, Robert Brescia, told Largent that George Music owned the gambling device, and that either Phil George or a service man collected money from the machine. The report further stated that "Flare Game Tech" was listed as the service representative for the machine. A questionnaire attached to the investigative report listed "George Music Co" as the owner of the machine. As a result of the investigation, the division charged defendant with violating Ohio Adm. Code 4301:1-1-53(B) ("Rule 53[B]"). Although its decision is not at issue here, the division ultimately found defendant had violated Rule 53(B), and it imposed a penalty for the violation.
 {¶ 6} On April 30, 2001, the division also filed a petition for forfeiture of the confiscated property pursuant to R.C. 2933.43, 2901.01(M) and 2933.42. Shortly after that, Flare Game Technology, Inc. ("Flare Game") on July 6, 2001 filed a verified complaint for declaratory and injunctive relief in the Franklin County Court of Common Pleas, seeking, in part, a ruling that a "Lucky Shamrock Phone Card Dispenser" was not a "gambling device" as defined in R.C. 2905.01 and thus was not subject to confiscation. The complaint alleged that Flare Game (1) was engaged in the business of "selling, leasing, renting and exhibiting" pre-paid emergency phone card dispensing machines known as "The Lucky Shamrock Emergency Phone Card Dispenser," and (2) was the exclusive distributor of Lucky Shamrock pre-paid emergency phone cards. Although the complaint asserted that the division confiscated Lucky Shamrock dispensers from several liquor permit premises and charged the permit holders with violations of Ohio Rule 53(B), defendant's permit premises was not listed as one from which a phone card dispenser was confiscated; nor was defendant named as one against whom a violation was charged. Attached to the verified complaint was the affidavit of Phillip F. George, Jr., in which he attested he was the "authorized representative and President of Flare Game Technology, Inc., an Ohio Corporation."
 {¶ 7} On October 3, 2001, notice of the forfeiture hearing was sent to defendant by certified mail, return receipt requested. The notice advised defendant that a forfeiture hearing was scheduled for November 8, 2001; a copy of the notice was sent to defendant's counsel.
 {¶ 8} The November 8, 2001 forfeiture hearing was held before a magistrate of the common pleas court. At the outset of the hearing, defense counsel moved to dismiss the petition for forfeiture because the division did not comply with the notice requirements of R.C. 2933.43(C). In particular, defense counsel asserted the division violated the statutory requirements by failing to provide notice of the forfeiture hearing to the known owners of the confiscated property. In response, the division's counsel argued that the division complied with the statutory notice requirements by making reasonably diligent inquiries as to the ownership of the property during the proceedings on the verified complaint, but that counsel for Flare Game, who also represents defendant in the forfeiture action, refused to disclose the identity of the owners, leaving the identify of the owners still unknown. The transcript of the forfeiture hearing, however, is less than clear about the question posed during the hearing on the verified complaint:
 {¶ 9} "[Counsel for the division]: Briefly, your honor, we did not know [on the verified complaint] who the owners of the machines were. We asked in the proceedings before Judge Johnson and Judge Johnson also requested the — permit holders who the owners of the machines in the premises were, and [defense counsel] refused to give that information to us.
 {¶ 10} "So therefore we did not know, but we did know [defense counsel] was the attorney so we served [defense counsel].
 {¶ 11} "The Magistrate: You are saying Judge Johnson asked what? Now, tell me specifically what?
 {¶ 12} "[Counsel for the division]: We asked, we wanted to know the permit premises, that is the clients had machines there and the state, because there was going to be a TRO, we didn't go and raid them, seize the machines to be in contempt of court.
 {¶ 13} "Judge Johnson wanted the name of the premises and [defense counsel] refused to do that.
 {¶ 14} "The Magistrate: The name of the premises?
 {¶ 15} "[Counsel for the division]: Permit premises. The vendors who claimed to be the two owners and had placed their vending machines — —
 {¶ 16} "The Magistrate: Who are those?
 {¶ 17} "[Counsel for the division]: Still to this day he has not told us.
 {¶ 18} "The Magistrate: Who are you saying he represented?
 {¶ 19} "[Counsel for the division]: Just in testimony, Phil George. He did not — he never told us Phil George had Lucky Shamrock or slot machines in Draco Limited Partnership. We asked for that information. He wouldn't give it.
 {¶ 20} "* * *
 {¶ 21} "[Counsel for the division]: * * * [defense counsel] would not * * * furnish the names of the premises because he said, I believe, given — the key to Pandora's box.
 {¶ 22} "[S]ince [defense counsel] would not give us the names of those premises, Judge Johnson denied the TRO.
 {¶ 23} "* * *
 {¶ 24} "The Magistrate: What about this argument that the investigation contained information — —
 {¶ 25} "[Counsel for the division]: It could be in there, but I — we asked pointblank for the information. He wouldn't tell us. We have three thousand cases. I have over a hundred forfeitures on filed [sic].
 {¶ 26} "Sure, I mean, we could have but the statute says a reasonable inquiry. I think it's reasonable to ask counsel for that information. That is my argument." (Nov. 8, 2001 Tr. 26-30.)
 {¶ 27} Counsel for defendant countered that the division knew the name of the owner of the gambling device at the time the petition for forfeiture was filed because that information was contained in both the investigator's report and the verified complaint, but the division, in derogation of R.C. 2933.43(C), failed to provide notice to the owner. Moreover, counsel for defendant explained in oral argument on appeal that the inquiry in the proceedings on the verified complaint involved not the owners of the machines, but the premises where the machines were located, as the division needed that information to collect the machines if they were determined in that proceeding to be gambling devices.
 {¶ 28} The magistrate reserved ruling on the motion to dismiss and proceeded to the merits of the petition for forfeiture. Agent Largent testified that during the investigation she was told George Music owned the Lucky Shamrock machine. Upon conclusion of the division's case, the magistrate inquired of defendant's counsel as to the relationship, if any, between Phil George and Flare Game. Defendant's counsel responded that Phil George was the owner, majority shareholder and president of Flare Game.
 {¶ 29} In a decision issued on November 19, 2001, the magistrate determined the evidence did not establish the identity of the owners of the Lucky Shamrock dispenser at issue. In support of his determination, the magistrate noted that while the verified complaint alleged that Flare Game owned certain "Lucky Shamrock" machines, the complaint did not refer specifically to the "Lucky Shamrock" machine located in defendant's permit premises. The magistrate further observed that although the evidence contained references to several different entities or individuals as potential owners of the property, no witnesses provided testimony to establish the identity of the owner(s) of the machine in defendant's permit premises. Lastly, the magistrate found defendant's counsel refused to provide the identity of the owners when he was asked for that information during the proceedings on the verified complaint.
 {¶ 30} With those factual determinations, the magistrate concluded defendant equitably could not refuse to identify the property owners and then defend on the basis that no notice was given to the owners, especially because actual notice was sent to defendant's attorney, who represented Flare Game in the action on the verified complaint. Accordingly, the magistrate further concluded that the division had complied with the requirements of R.C. 2933.43(C), as it had made "reasonably diligent" inquiries to ascertain the identity of the owners of the property by specifically requesting that information from defendant's counsel during the proceedings on the verified complaint. Because the identity of the owners remained unclear, the magistrate determined no persons were "known" to have an ownership interest who were required to be given the statutory notification.
 {¶ 31} Defendant filed objections to the magistrate's decision, objecting generally to the magistrate's determination that the identity of the property owner was unknown and specifically to the determination that the division's counsel had requested the name of the property owner from defendant's counsel. In a decision filed August 23, 2002, the trial court agreed with the magistrate's determination that the division had complied with the notice requirements of R.C. 2933.43(C). Accordingly, the court adopted the magistrate's decision in its entirety, "denied" defendant's objections, and ordered that the property listed in the division's petition for forfeiture be forfeited to the state in accordance with R.C. 2933.43(C).
 {¶ 32} In its single assignment of error, defendant submits that the division failed to comply with the procedural requirements of R.C.2933.43(C), and that such failure precludes a forfeiture of the confiscated property. R.C. 2933.43(C) provides, in pertinent part:
 {¶ 33} "The petitioner shall conduct or cause to be conducted a search of the appropriate public records that relate to the seized property for the purpose of determining, and shall make or cause to be made reasonably diligent inquiries for the purpose of determining, any person having an ownership or security interest in the property. The petitioner then shall give notice of the forfeiture proceedings by personal service or by certified mail, return receipt requested, to any persons known, because of the conduct of the search, the making of the inquiries, or otherwise, to have an ownership or security interest in the property, and shall publish notice of the proceedings once each week for two consecutive weeks in a newspaper of general circulation in the county in which the seizure occurred. The notices shall be personally served, mailed, and first published at least four weeks before the hearing. They shall describe the property seized; state the date and place of seizure; name the law enforcement agency that seized the property and, if applicable, that is holding the property; list the time, date, and place of the hearing; and state that any person having an ownership or security interest in the property may contest the forfeiture."
 {¶ 34} In support of its assignment of error, defendant relies on Dept. of Liquor Control v. Sons of Italy Lodge 0917 (1992),65 Ohio St.3d 532, in which the Ohio Supreme Court held that "[t]he language of former R.C. 2933.43(C) is mandatory; it requires strict compliance with the notice and publication provisions contained therein." Id. at syllabus. In so holding, the court reasoned that "when it is used in a statute, the word `shall' denotes that compliance with the commands of that statute is mandatory. The rule has been stated frequently and clearly: `In statutory construction, the word "may" shall be construed as permissive and the word "shall" shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that they receive a construction other than their ordinary usage.'" (Emphasis sic.) Id. at 534.
 {¶ 35} Applying that law to R.C. 2933.43(C), the court concluded that "[t]here is not even a remote indication, let alone `clear and unequivocal legislative intent' that the General Assembly considers the procedures set forth in R.C. 2933.43(C) to be permissive guidelines rather than mandatory instructions. Quite the contrary, the General Assembly chose mandatory language to assure that due process would be afforded in all cases in which the state seeks forfeiture. The General Assembly itself provided detailed safeguards in R.C. 2933.43(C), including the requirements that diligent inquiry regarding ownership of the seized property be undertaken and that specific notice requirements and time limits be followed. It is not this court's prerogative to second-guess the General Assembly's legislative policy choices." Id. at 535.
 {¶ 36} In further explanation, the court stated that "[f]orfeitures are not favored by the law. The law requires that we favor individual property rights when interpreting forfeiture statutes. To that end, `statutes imposing restrictions upon the use of private property, in derogation of private property rights, must be strictly construed.'" Id. at 534, quoting State v. Lilliock (1982), 70 Ohio St.2d 23, 26. Thus, when the record demonstrates that the state failed to strictly comply with the notice requirements of R.C. 2933.43, forfeiture of the property is inappropriate. Id.; see, also, Akron v. Turner (1993),91 Ohio App.3d 595; State v. Rahm'n (Oct. 28, 1993), Cuyahoga App. No. 63913.
 {¶ 37} Defendant contends the division failed to comply strictly with the procedural requirements of R.C. 2933.43(C) because the division failed to "make or cause to be made reasonably diligent inquiries for the purpose of determining any person having an ownership or security interest in the property." We note initially that the investigative report states the owner of the confiscated property was someone other than defendant. Further, the division is unable to point to anything in the record that could lead the division to believe defendant owned the property.
 {¶ 38} Moreover, a review of the record reveals several readily available sources that the division, with reasonable diligence, should have utilized to investigate the owner of the seized property. The most obvious is its January 11, 2001 investigative report that stated George Music owned the machine, Phil George collected money from it, and Flare Game was the service representative on the machine. Similarly, the questionnaire attached to the report listed George Music as the owner. Moreover, attached to the objections to the magistrate's decision is (1) a copy from an internet site which lists the business address and telephone number for George Music, and (2) a listing from the secretary of state's office that reflects Phil George is the statutory agent for Flare Game and lists his address. The verified complaint also may have served as a source of information regarding the owner, as the complaint alleged Flare Game was engaged in the business of selling, leasing, renting and exhibiting Lucky Shamrock machines, and Flare Game was the exclusive distributor of Lucky Shamrock phone cards. Attached to the complaint was the affidavit of Phil George indicating he was president and statutory agent for Flare Game.
 {¶ 39} Because of the investigator's report filed almost nine months prior to the notices sent in the forfeiture hearing, the information readily available from the internet, and the information available from the proceedings on the verified complaint, the division, in exercising reasonable diligence, at the very least needed to contact George Music, and possibly Phil George and Flare Game, to investigate ownership of the machine prior to sending the notice of the forfeiture hearing. The need to investigate only is strengthened by the fact the same assistant attorney general represented the division in the forfeiture proceedings and in the proceedings on the verified complaint. Any suggestion from the division that its obligation to make a reasonably diligent inquiry is dependent upon its caseload and the volume of pending forfeiture cases is unpersuasive.
 {¶ 40} Moreover, contrary to the division's contentions, the division did not make reasonably diligent inquiry as to the owner of the property by specifically requesting that information from defense counsel during the proceedings on the verified complaint. Although the arguments made at the forfeiture hearing on this issue were rather confusing, the transcript reveals that the division never requested the names of the property owners; nor did defense counsel ever refuse to divulge that information in the proceedings on the verified complaint. Rather, defense counsel refused to disclose the location and names of liquor permit premises where Flare Game's other Lucky Shamrock machines were located.
 {¶ 41} Finally, the fact that counsel for defendant also served as counsel for Flare Game does not mean the owner had the requisite notice of the forfeiture hearing when the division served defense counsel as defendant's attorney. In Akron, the city conceded that it did not strictly comply with the notice requirements of R.C. 2933.43, but argued that the defendant in that case suffered no prejudice from that failure because the city substantially complied with the notice requirements, and the defendant had actual notice of, and attended, the hearing. The court held that despite defendant's appearance at the forfeiture hearing, the lack of proper notice required reversal. The court therefore remanded the case for further proceedings and explained: "A party seeking forfeiture must comply with both due process and mandatory, statutory requirements. Compliance with due process requirements alone does not excuse a failure to comply with mandatory, statutory requirements." Id. at 598, citing Sons of Italy Lodge 0917, at 535-536. R.C. 2933.43(C) requires that the owner of the property, not merely the owner's counsel, receive notice by personal service or by certified mail.
 {¶ 42} Because the division failed to make a reasonable inquiry into the ownership of the confiscated property, this court must vacate the results of the forfeiture hearing and remand for a hearing following proper notice in compliance with the statute. Defendant's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and case remanded.
LAZARUS and WATSON, JJ., concur.