OPINION
{¶ 1} Defendant-Appellant, Kelly Teman, appeals a Van Wert County Common Pleas Court judgment, granting Plaintiff-Appellee's, the State of Ohio, motion for forfeiture of Teman's 2002 Ford Escape pursuant to R.C. 2925.42. Teman contends that the court erred in finding that R.C. 2925.42 authorized the forfeiture of her vehicle and that Teman was aware that vehicle would be subject to forfeiture upon her pleading guilty to the underlying offense. For the reasons that follow, the judgment of the trial court is affirmed.
 {¶ 2} In November of 2002, Teman was stopped by Officer Janice Thatcher of the Delphos Police Department at approximately 4:40 a.m. Thatcher witnessed Teman's vehicle, the 2002 Ford Escape, driving with no headlights on and pulling into a nearby parking lot. Thatcher followed Teman into the parking lot where Thatcher pulled around in front of Teman's vehicle. At that time, Teman was hunched down in her vehicle. Thatcher then approached the vehicle, and it took Teman several minutes to respond to Thatcher's request that she roll down her driver's side window. Teman appeared to be confused, and, again, it took her several tries before she was able to state her name. Teman was disoriented as to where she was and how she was doing.
 {¶ 3} After calling for a back up unit, Patrolman Kimmet responded. Thatcher and Kimmet asked Teman to step out of her vehicle. Kimmet, who was familiar with Teman's past history, asked her if she had been doing drugs. At that point, Teman handed Kimmet a crack pipe. Thatcher then asked Teman if she had anything else on her, and Teman pulled a small yellowish chunk, which later tested positive as crack cocaine, from her pocket and handed it to Thatcher. The following conversation then took place between Thatcher and Teman:
Thatcher: "Do you have anymore on you[?]"
 Teman: "No, I smoked it all[.]"
 Thatcher: "When[?]"
 Teman: "[I]n the last two hours[.]"
 Thatcher: "You have been driving around smoking this[?]"
 Teman: "Yes[.]"
 Thatcher: "That is all you have got[?]"
 Teman: "Yes[.]"
 {¶ 4} As a result of the above incident, Teman was then taken into custody and her vehicle was impounded. Subsequently, Teman was indicted for possession of crack cocaine in violation of R.C.2925.11(C)(4)(a), a felony of the fifth degree. The indictment also listed as a specification that "[t]he grand jurors further find and specify that Kelly J. Teman has an interest in a 2002 Ford Escape motor vehicle, VIN number 1FMYU041X2KB14181, and that the aforementioned vehicle was used directly or indirectly in the commission or to facilitate the commission of the felony drug abuse offense or act," pursuant to R.C. 2925.42(A)(1)(b).
 {¶ 5} In December of 2002, Teman filed a motion for treatment in lieu of conviction. In January of 2003, Teman entered a plea of guilty to the possession charge, acknowledged that her vehicle had been seized by law enforcement, and acknowledged that her vehicle may be subject to forfeiture. Granting Teman's motion for treatment in lieu of conviction, the trial court suspended execution of sentence.
 {¶ 6} In April of 2003, following a hearing, the court ordered that Teman's vehicle be returned to her pending the successful completion of her treatment in lieu of conviction. Subsequently, the court granted a motion filed by the State, prohibiting Teman from selling, disposing, assigning or creating an interest against her vehicle pursuant to R.C. 2925.42.
 {¶ 7} In July of 2003, after testing positive for cocaine use, the court revoked Teman's treatment in lieu of conviction. In August of 2003, Teman was sentenced on the count of possession of crack cocaine, which had previously been suspended.
 {¶ 8} Following the court rendering of sentence, the State filed a motion for forfeiture of Teman's 2002 Ford Escape pursuant to R.C. 2925.42. A hearing was held, and the State presented the testimony of Officer Thatcher, Officer Kyle Fitro, and Chief of Police David E. Wagner. In October of 2003, the court granted the State's motion for forfeiture, finding that Teman's vehicle "was used to facilitate the offense to which she plead guilty to." It is from this judgment Teman appeals, presenting the following assignments of error for our review.
 Assignment of Error No. 1 The trial court erred in finding that R.C. 2925.42 authorizedthe forfeiture of the vehicle.
 Assignment of Error No. 2 The trial court erred in finding that the defendant was awarethat the vehicle would be forfeited if she plea guilty to theunderlying criminal offense.
 {¶ 9} In her first assignment of error, Teman asserts that the forfeiture of her vehicle does not fall within the scope of R.C. 2925.42(A)(1)(b). Specifically, Teman argues that because she was charged with mere possession of the crack cocaine and that the drugs were found on her person as opposed to in the vehicle, the evidence is insufficient to prove the vehicle was used or intended to be used to either commit or facilitate the illegal activity. We disagree.
 {¶ 10} The criminal forfeiture state provides, in pertinent part:
(A)(1) * * * [A] person who is convicted of or pleads guiltyto a felony drug abuse offense, * * * loses any right to thepossession of property and forfeits to the state any right,title, and interest the person may have in that property ifeither of the following applies:
* * *
(b) The property was used or intended to be used in any mannerto commit, or to facilitate the commission of, the felony drugabuse offense or act.
 {¶ 11} When a person is convicted of or pleads guilty to a felony drug abuse offense, the court shall hold a special proceeding to determine whether any property is subject to forfeiture. R.C. 2925.42(B)(3)(a). The State must prove by a preponderance of the evidence that the property is subject to forfeiture. R.C. 2925.42(B)(3)(a). When reviewing a judgment based on a preponderance of the evidence standard, an appellate court will not reverse the judgment if there is "some competent, credible evidence going to all the essential elements of the case." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 280.
 {¶ 12} Here, the trial court properly held a special proceeding to determine whether Teman's vehicle was subject to forfeiture. At that hearing, Officer Thatcher testified, without objection, that she had seen Teman driving her vehicle prior to pulling it into the parking lot, that Teman had admitted that she had smoked crack cocaine that night, and that Teman responded "Yes" when Thatcher asked her if she had been driving around smoking crack cocaine. Teman was charged with possession of crack cocaine pursuant to R.C. 2925.11, which states in subpart (A) that "[n]o person shall obtain, posses, or use a controlled substance." Based on Thatcher's testimony, there is sufficient evidence to support a finding that Teman used the vehicle to facilitate her use of crack cocaine, the offense to which she plead guilty. Accordingly, the court's finding that Teman's vehicle was used to facilitate the offense to which she plead guilty is clearly supported by competent, credible evidence.
 {¶ 13} Furthermore, both R.C. 2925.42 and R.C. 2933.43 have been found to support the forfeiture of a vehicle where there is sufficient evidence that the vehicle was used to facilitate the commission of possession pursuant to R.C. 2925.11. See, i.e.,State v. Casalicchio (1991), 58 Ohio St.3d 178; State v. Knox
(1995), 102 Ohio App.3d 147.
 {¶ 14} Finding the court's judgment is clearly supported by the record, Teman's first assignment of error is overruled.
 {¶ 15} In her second assignment of error, Teman argues that the court's finding that "the defendant was aware that her vehicle would be forfeited if she plead guilty, and that she nonetheless, entered a plea of guilty" was error. Essentially, Teman argues the trial court erred in making this finding, because the evidence is insufficient to support a finding that Teman knew that her vehicle would be forfeited.
 {¶ 16} In her brief, Teman acknowledges that the indictment issued included the vehicle forfeiture specification, that Teman acknowledged her vehicle may be subject to forfeiture at the time she initially plead guilty in January of 2003, and that "[t]he potential of forfeiture was well known by the Defendant." Nevertheless, Teman argues that the record shows that she was unaware, until following the October 2003 forfeiture hearing, that her vehicle would be forfeited.
 {¶ 17} As required by R.C. 2925.42(B)(1)(a), the indictment made the necessary specification that Teman's vehicle was subject to forfeiture. Furthermore, the trial court properly conducted a hearing to determine whether Teman's vehicle was subject to forfeiture. R.C. 2925.42(B)(3)(a). Thus, we are satisfied that the court properly followed all notice requirements mandated by R.C. 2925.42.
 {¶ 18} Additionally, both the court's December 31, 2002 judgment entry and Teman's petition to enter a plea of guilty show that Teman was aware that her vehicle was subject to forfeiture. In the court's December 31, 2002 judgment entry, in which Teman entered her plea of guilty, the court notes:
Defendant further acknowledges that she knew from reviewingthe petition to enter a plea of guilty that if the lawenforcement agency involved in this case had seized her motorvehicle or other personal property, the same may be subject toforfeiture pursuant to Ohio Revised code §§ 2925.41 to 2925.45and/or Ohio Revised Code §§ 2933.41 to 2933.43.
Teman's petition to enter a plea of guilty also made the following acknowledgment:
I know that if the law enforcement agency involved in thismatter has seized my motor vehicle or other personal property,the same may be subject to forfeiture pursuant to Ohio RevisedCode 2933.41 to 2933.43 and/or Ohio Revised Code 2925.41 to2925.45.
 {¶ 19} Providing an adequate record is the responsibility of the appellant. App.R. 9. In the case sub judice, this Court has not been provided with a written transcript of either the December 2002 or the January 2003 proceedings. In the absence of a complete transcript of the proceedings, we presume the regularity of the proceedings below and the validity of the court's judgment entry and of Teman's petition to enter a plea of guilty. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Thus, presuming the validity of the above entries, we find there was sufficient evidence to support the court's finding that Teman was aware her vehicle was subject to forfeiture. Accordingly, Teman's second assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.