[Cite as *State v. Worthen*, 2025-Ohio-2293.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

CHASE WORTHEN,

    DEFENDANT-APPELLANT.

CASE NO. 1-24-71

OPINION AND
JUDGMENT ENTRY

Appeal from Lima Municipal Court
Trial Court No. 24CRB01768-B2

Judgment Affirmed

Date of Decision: June 30, 2025

APPEARANCES:

    *Chima R. Ekeh* for Appellant

    *Stephannie Reed* for Appellee

**MILLER, J.**

{¶1} Defendant-Appellant, Chase S. Worthen ("Worthen"), appeals from the November 8, 2024 judgment of the Lima Municipal Court. On September 25, 2024, Worthen was charged with obstructing official business, a second-degree misdemeanor, in violation of R.C. 2921.31(A), and with making false alarms, a first-degree misdemeanor, in violation of R.C. 2917.32(A)(3). Pursuant to plea negotiations, Worthen decided to proceed with a plea of no contest to the obstructing official business charge and, in exchange, the State agreed it would dismiss the making false alarms charge. Significantly, because it is a second-degree misdemeanor punishable by up to 90 days in jail, the obstructing official business charge constituted a petty offense. *See* Crim.R. 2(C), (D). On November 8, 2024, the trial court sentenced Worthen to 90 days in jail and imposed a $150 fine.

{¶2} This appeal followed. Worthen raises three assignments of error for our review, which we address in an order that best facilitates our analysis:

**First Assignment of Error**

**Appellant's conviction for obstructing official business was not supported by sufficient evidence.**

**Second Assignment of Error**

**The court erred in accepting appellant's plea of no contest without first informing him of the effect of his plea as required by Crim.R. 11(E).**

**Third Assignment of Error**

**The court erred by imposing a fine in addition to jail time for a misdemeanor.**

## I. SECOND ASSIGNMENT OF ERROR

{¶3} Worthen argues that the trial court did not inform him of the effect of his no-contest plea, in accordance with Crim.R. 11(E), during his plea hearing. As a result, his plea was invalid.

{¶4} "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 2020-Ohio-2765, ¶ 11. In deciding if a defendant is entitled to have his or her plea vacated, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 16-17.

{¶5} "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones*, 2007-Ohio-6093, ¶ 6. In misdemeanor cases involving petty offenses, the rule simply provides that "the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E); *see also Jones* at ¶ 51 (informing the

Case No. 1-24-71

defendant of a no-contest plea's effect can be done orally or in writing for a misdemeanor charge involving a petty offense).[1]

**{¶6}** Worthen's contention fails at the first *Dangler* question because the record reveals the trial court complied with the relevant provision of Crim.R. 11(E). The trial court's journal entry dated September 25, 2024 shows that, at the initial appearance, Worthen appeared in court and was explained his rights. In a subsequent entry dated October 10, 2024, the court indicated "the provisions of O.R.C. 2937.02 to 2937.07 were complied with by the Court." While neither party provided us with a transcript of the arraignment, it appears the court complied with the provisions in R.C. 2937.02, which provides in relevant part that, "[w]hen, after arrest, the accused is taken before a court . . . the . . . complaint being first filed, the court . . . shall, before proceeding further: . . . [i]nform the accused of the effect of pleas of guilty, not guilty, and no contest . . . ." R.C. 2937.02(A)(3).[2]

**{¶7}** Worthen does not assert any impropriety with the journal entries and, in the absence of a transcript of the initial appearance, we presume the regularity of the proceedings below and the validity of the court's judgment entries. *State v. Teman*, 2004-Ohio-1949, ¶ 19 (3d Dist.); *see also Jones* at ¶ 20, fn. 3.

---

[1] From the record before us, it does not appear Worthen signed any type of plea form containing necessary advisements relating to his plea. *Compare State v McBride*, 2025-Ohio-1439, ¶ 14 (7th Dist.) (the written explanation of the effect of the no-contest plea entered into the record was sufficient to demonstrate the defendant was advised of the consequences of his no-contest plea).

[2] The Supreme Court of Ohio has recognized that "trial courts often conduct mass arraignment hearings in which defendants are informed of their constitutional rights as well as the effect of the plea of guilty, no contest, and not guilty," and a trial court is not required to inform the defendant of the effect of the plea at the same hearing that it accepts the plea. *Jones* at ¶ 20, fn. 3.

-4-

Consequently, Worthen's assertion that the trial court erred in accepting his no-contest plea because it did not inform him of the effect of his plea is belied by the record.[3]  We overrule the second assignment of error.

## II.     FIRST ASSIGNMENT OF ERROR

{¶8} Worthen also contends that his conviction was not supported by sufficient evidence.  He specifically argues that the explanation of the circumstances during the plea hearing did not indicate he was the person who barricaded the door.  The prosecutor provided the explanation of circumstances in this case:

> Your Honor, on September 23, 2024, police received information the defendant was residing at the 531 Brower Road Apartments, apartment number 58, in the City of Lima, Allen County, Ohio, and that he had warrants for probation violations out of this court. Following day the police responded to the apartment, uh, observed the defendant's mother enter the apartment, uh, received information that the defendant was known to live at that apartment.  Began knocking on the door, announcing their presence, uh, no answer was received. While awaiting, attempting to get access to the apartment, additional units were called out.  While officers were knocking on the door, dispatchers received a 911 call from a male who claimed that he had heard 15 gun shots and watched 3 males running away towards Brower and Cole.  And he told dispatch that he was on North Cole Street.  While dispatch was speaking with him the map came back to the Brower Road Apartments.  The caller being the defendant. Officers made loud announcements for people inside the residence to exit or they would be arrested for obstructing justice.  The police secured a search warrant for the residence and they began to enter the apartment finding the door to be barricaded, but were eventually were

---

[3] Worthen is correct that the trial court failed to review the effect of a no-contest plea at the change of plea hearing.  While reviewing the effect of the plea at the change of plea hearing is the better practice, Crim.R. 11(E) does not specifically require the advisement be contemporaneous with the defendant entering the plea. A trial court can comply with Crim.R. 11(E) by explaining the effect of a no-contest plea during a mass arraignment hearing prior to accepting the defendant's individual no-contest plea.  *State v. Trushel*, 2005-Ohio-3763, ¶ 4-5 (3d Dist.).

able to force the door open, finding the defendant inside and placing him under arrest.

(Oct. 10, 2024 Tr. at 2-4).

**{¶9}** We conduct a de novo review of the issue. *State v. Patton*, 2022-Ohio-4149, ¶ 8-9 (3d Dist.); *State v. Erskine*, 2015-Ohio-710, ¶ 9-10 (4th Dist.). The obstructing official business statute provides, "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." R.C. 2921.31(A).

**{¶10}** "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07; *see also City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984) ("a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances"). The Supreme Court of Ohio has explained:

> [A]s both Crim.R. 11 and the current version of R.C. 2937.07 make clear, a plea of no contest is an admission by the defendant to the facts alleged in the complaint. In the ordinary case—that is, when the complaint properly alleges the elements of a crime—such an admission provides sufficient evidence for a conviction. After all, when a defendant has admitted all the facts that constitute a crime, there necessarily is sufficient evidence for a conviction.

The explanation-of-circumstances requirement does, however, provide a degree of protection for the defendant. In essence, it allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do not rise to the level of a criminal violation. . . .

. . . If an explanation of circumstances were necessary to establish the elements of the crime, the need for such a requirement would be even greater in felony cases—where the stakes are higher—than in misdemeanor cases[, but no such requirement exists in felony cases].

Thus, the explanation-of-circumstances requirement is best understood as providing a level of procedural protection to the defendant. It allows the court to find a defendant not guilty when the facts of the case do not rise to the level of a criminal violation.

*City of Girard v. Giordano*, 2018-Ohio-5024, ¶ 17-20; *see also Patton* at ¶ 11 ("the explanation of circumstances is not necessary to establish the elements of the offense, as that is accomplished by the defendant's no-contest plea itself—at least where the complaint properly alleges the elements of the offense"). Here, the Complaint—which Worthen does not reference or challenge—specifically identified Worthen as the person who performed the act that hampered or impeded a police official, in addition to also properly alleging the elements of the offense. Therefore, based on the explanation in *Giordano*, there was sufficient evidence for the conviction. Additionally, during the plea hearing, there was an explanation of circumstances of the offense from which the judge made a finding of guilty. Consequently, Worthen's contention fails.

{¶11} Further, we find that the explanation of the circumstances provided sufficient information to find that Worthen committed the criminal violation of

obstructing official business. He had outstanding warrants, the police knocked and announced their presence at the apartment, they received no answer, they made loud announcements for the people inside the apartment to exit, while waiting for a response a 911 call was made from the apartment in an apparent attempt to redirect the police, and the only people identified as being at the apartment were Worthen's mother and Worthen. *See also Patton* at ¶ 14 (relying on an inference from the explanation of the circumstances to establish an element of the OVI offense at issue in that case).

{¶12} We also note that "[n]othing in the explanation of circumstances was irreconcilably inconsistent with finding" that Worthen was the person who barricaded the door, "[n]or did the facts in the explanation of circumstances completely and unequivocally negate the existence of any element of the . . . offense." *Id.* Moreover, the Complaint for the obstructing official business charge did not specify the "act that hampered or impeded" the public official. Thus, it could have been making the 911 call, as opposed to barricading the door, that constituted the offense of obstructing official business. We overrule the first assignment of error.

## III.   THIRD ASSIGNMENT OF ERROR

{¶13} Finally, Worthen contends that, because the offense was a misdemeanor, the trial court erred by imposing jail time *and* a fine. The fatal flaw in his argument is that it is based on an outdated version of a statute in which the

divisions he relies upon—R.C. 2929.22(E) and (F)—were not part of the statute at the time of the offense, complaint, or sentencing. *See* R.C. 2929.22; *State v. Wiley*, 2014-Ohio-5766, ¶ 31-32 (11th Dist.) (explaining that divisions (E) and (F) were removed from R.C. 2929.22). Worthen does not argue that the trial court's sentence was otherwise impermissible under the statutes. Accordingly, we overrule the third assignment of error.

## IV.    CONCLUSION

{¶14} For the foregoing reasons, Worthen's assignments of error are overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Lima Municipal Court.

*Judgment Affirmed*

**ZIMMERMAN and WILLAMOWSKI, J.J., concur.**

**/jlm**

Case No. 1-24-71

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Mark C. Miller, Judge

William R. Zimmerman, Judge

John R. Willamowski, Judge

DATED:
/jlm

-10-