[Cite as *State v. Bratton*, 2025-Ohio-5683.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

LACHMOND BRATTON,

    DEFENDANT-APPELLANT.]

CASE NO. 1-25-27

OPINION AND
JUDGMENT ENTRY

Appeal from Lima Municipal Court
Trial Court No. 25CRB00032

Judgment Affirmed

Date of Decision: December 22, 2025

APPEARANCES:

    *Linda Gabriele* for Appellant

    *Stephannie Reed* for Appellee

**WALDICK, P.J.**

{¶1} Defendant-appellant, Lachmond Bratton ("Bratton"), brings this appeal from the June 11, 2025 judgment of the Lima Municipal Court finding him guilty of Violating a Protection Order. On appeal, Bratton argues that after he pled no contest to the charge, the explanation of circumstances recited by the prosecution's intern was insufficient to establish all the elements of the crime. For the reasons that follow, we affirm.

*Background*

{¶2} On January 6, 2025, a complaint was filed alleging Bratton committed Violation of a Protection Order in violation of R.C. 2919.27(A)(1), a first degree misdemeanor. On June 11, 2025, Bratton entered a plea of no contest to the charge. After the prosecution's intern recited a factual basis for the charge, the trial court found Bratton guilty. Bratton was then sentenced to serve 90 days in jail, with 80 of those days suspended. Bratton now brings the instant appeal from the trial court's judgment, asserting the following assignment of error for our review.

**Assignment of Error**

**The trial court erred in finding defendant-appellant guilty of a violation of R.C. § 2919.27(A)(1) where the facts read into the record were insufficient to establish each element of the offense.**

{¶3} In his assignment of error, Bratton argues that the trial court erred by finding him guilty of Violating a Protection Order because the explanation of circumstances did not sufficiently establish the elements of the offense.

## Standard of Review

{¶4} We conduct a de novo review of a trial court's finding of guilt following a no contest plea. *State v. Worthen*, 2025-Ohio-2293, ¶ 9 (3d Dist.). De novo review is independent, without deference to the lower court's decision. *State v. Hudson*, 2013-Ohio-647, ¶ 27 (3d Dist.).

## Relevant Authority

{¶5} No contest pleas are governed by Criminal Rule 11 and R.C. 2937.07. Pursuant to Crim.R. 11(B)(2), a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the . . . complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶6} Revised Code 2937.07 provides additional guidelines for no contest pleas in misdemeanor cases. It reads, in pertinent part, as follows:

> A plea to a misdemeanor offense of "no contest" . . . shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or

> magistrate may base a finding on the facts alleged in the complaint. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of "no contest" or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding.

R.C. 2937.07. This case concerns the requirement in R.C. 2937.07 to provide an "explanation of the circumstances of the offense."

{¶7} In *Girard v. Giordano*, 2018-Ohio-5024, the Supreme Court of Ohio examined the "explanation of circumstances" requirement in R.C. 2937.07. The Court indicated that R.C. 2937.07

> invites an obvious question: If a no-contest plea constitutes an admission to the facts alleged in the complaint, why must the court consider an explanation of circumstances before finding a defendant guilty? If the facts to which the defendant has admitted constitute sufficient evidence for a finding of guilt, should not that be enough?

*Giordano* at ¶ 14. The Supreme Court of Ohio held that "[t]he answer is that the explanation-of-circumstances requirement exists to provide an extra layer of procedural protection to the defendant." *Id*. at ¶ 15. The Court explained:

> In the ordinary case—that is, when the complaint properly alleges the elements of a crime—such an admission provides sufficient evidence for a conviction. After all, when a defendant has admitted all the facts that constitute a crime, there necessarily is sufficient evidence for a conviction.
>
> The explanation-of-circumstances requirement does, however, provide a degree of protection for the defendant. In essence, it allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do not rise to the level of a criminal violation. . . .

> That the explanation-of-circumstances requirement is a procedural protection, rather than a part of the prosecution's burden of proof, is also evidenced by the fact that no such requirement exists in felony cases. In a felony case in which the "indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 692 N.E.2d 1013 (1998), syllabus. If an explanation of circumstances were necessary to establish the elements of the crime, the need for such a requirement would be even greater in felony cases—where the stakes are higher—than in misdemeanor cases.
>
> Thus, the explanation-of-circumstances requirement is best understood as providing a level of procedural protection to the defendant. It allows the court to find a defendant not guilty when the facts of the case do not rise to the level of a criminal violation.

*Id*. at ¶ 17-20.

{¶8} Notably, in *Giordano*, the trial court specifically did not request an explanation of circumstances *at all* and no explanation of circumstances was provided. The *Giordano* Court held that in such circumstances, the error was "procedural." *Id*. at ¶ 24. In other words, if the explanation of circumstances was not made at all in conjunction with a no contest plea in a misdemeanor case such that an appellate court is compelled to reverse, the Double Jeopardy Clause would not bar retrial.

{¶9} A divided opinion of the Eighth District Court of Appeals noted that while *Giordano* directly addressed a situation where no explanation of circumstances was requested or provided, it did not specifically address a situation where an explanation of circumstances was given, but was inadequate. *Seven Hills*

Case No. 1-25-27

*v. McKernan*, 2019-Ohio-1001, ¶ 23 (8th Dist.). Similarly, the First District Court of Appeals has held that a State's explanation of circumstances that failed to establish an essential element of a crime is still akin to a failure to produce sufficient evidence, and warrants not only reversal of the conviction, but also discharge of the defendant because jeopardy attached. *State v. Schuster*, 2023-Ohio-3038, ¶ 21 (1st Dist.).

Analysis

The complaint in this case reads as follows:

Complainant being duly sworn states that Lachmond Bratton defendant in Allen County, Ohio on or about the 16th day of December, 2024, did violate Ohio Revised Code §2919.27(A)(1) constituting a charge of Violating a Protection Order, a misdemeanor of the first degree.

Lachmond Bratton, did recklessly violate the terms of a protection order issued or consent agreement approved pursuant to Section 2919.26 or 3113.31 of the Revised Code.

(Doc. No. 1).

{¶10} An "Affidavit for Statement of Facts" was attached to the complaint, that alleged, *inter alia,* Bratton and the victim had previously been in a two-year relationship that ended in September of 2024 when Bratton assaulted the victim at Bratton's residence. The victim received a protection order on November 27, 2024, and provided the case number associated with the protection order. The victim alleged that Bratton had violated the protection order by having contact with her.

-6-

Specifically, she claimed that Bratton emailed her "6 times within a half-hour period. The defendant responded to emails [she] sent him in Aug[ust of 2024]." Bratton purportedly responded to the emails with "emojis" such as sad-face emoji, crying-face emoji, and heart-face emoji.

{¶11} On June 11, 2025, a change-of-plea hearing was held wherein Bratton entered a no contest plea to the charge. The prosecution, through an intern, provided the following explanation of circumstances.

> On January 2, 2025, uh, the victim came in the lobby of LPD, uh, in reference to her ex-boyfriend, the defendant, violating the protection order. She provided printouts of six emails in which he sent her emojis. She stated that he was responding to random emails that were sent prior to uh, the CPO being put in place. Um, that she received them at her residence which was . . . in Lima, Allen County, Ohio.
>
> [TRIAL JUDGE]: Okay. So, the defendant lives outside of Allen County, but was transmitting those into Allen County, which is the jurisdictional component.
>
> [PROSECUTION INTERN]: Correct.

(Tr. at 3). The trial court indicated that "[u]pon hearing the facts and circumstances of the case as read by the Prosecutor, the Court enters its verdict of Guilty." (Doc. No. 17).

{¶12} Bratton now argues that the explanation of circumstances was insufficient to find him guilty of the crime alleged. More specifically, Bratton contends that the State did not adequately establish that there was a protection order in place at the time of the alleged activity. In addition, Bratton argues that the State

failed to establish that the alleged activity violated the terms of a protection order, that Bratton was the individual who violated the protection order, and that Bratton acted recklessly.

**{¶13}** To establish that Bratton violated a protection order pursuant to R.C. 2919.27(A)(1), the State had to establish that Bratton "recklessly violated the terms of . . . [a] protection order issued . . . pursuant to section 2919.26 or 3113.31 of the Revised Code[.]"

**{¶14}** In the State's explanation of circumstances, the State specifically indicated that Bratton violated a protection order. The State provided some context by indicating that Bratton was responding to old emails that the victim had sent prior to the "CPO" being put into place. From the State's explanation of circumstances, it is clear that a protection order was in place, and that Bratton violated some terms of the protection order. In addition, since Bratton responded to six emails, it could readily be inferred that he acted, at the very least, recklessly. Therefore, we find that the State's "explanation of circumstances" was not insufficient in this matter. *State v. Wisler*, 2019-Ohio-2363, ¶ 8 (1st Dist.) (finding that where the state recited when the incident occurred, the existence of a valid protection order, and the fact that defendant was found in violation of the protection order, the procedural protections required by R.C. 2937.07 were satisfied).

**{¶15}** We emphasize that the better practice would be to simply read the complaint in conjunction with any explanation of circumstances. Additionally, in

situations like these it may be beneficial to read the terms of the CPO to give further context to what the defendant is violating. Nevertheless, we do not find that the explanation of circumstances in this case was deficient to convict Bratton. Therefore, Bratton's assignment of error is overruled.

*Conclusion*

{¶16} Having found no errors prejudicial to Bratton in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Lima Municipal Court is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

Case No. 1-25-27

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

 

 

Juergen A. Waldick, Judge

 

 

Mark C. Miller, Judge

 

 

John R. Willamowski, Judge

DATED:
/jlm