[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Girard v. Giordano,* Slip Opinion No. 2018-Ohio-5024.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-5024

THE CITY OF GIRARD, APPELLANT, *v.* GIORDANO, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Girard v. Giordano,* Slip Opinion No. 2018-Ohio-5024.]

*R.C. 2937.07—Double-jeopardy principles not violated by a second attempt at conviction following a reversal of a conviction for a court's failure to comply with R.C. 2937.07's explanation-of-circumstances requirement.*

(No. 2017-1069—Submitted June 13, 2018—Decided December 18, 2018.)

APPEAL from the Court of Appeals for Trumbull County,

No. 2016-T-0071, 2017-Ohio-5647.

_____

**DEWINE, J.**

**{¶ 1}** An Ohio statute provides that a no-contest plea to a misdemeanor charge "shall constitute an admission of the truth of the facts alleged in the complaint" and that "the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." R.C. 2937.07. John Giordano pleaded no contest to a charge of cruelty to animals for beating his

dog.  The trial court accepted the plea and found Giordano guilty but neglected to ask for an explanation of the circumstances.  Because there was no explanation of the circumstances, the court of appeals reversed Giordano's conviction and discharged him from further prosecution.  The question before us relates to the discharge from prosecution: Does the Double Jeopardy Clause bar Giordano's retrial?  We say no.

## I.  Background

{¶ 2} The basis of the charge against Giordano was a criminal complaint sworn to by John Norman, a city of Girard police captain.  It alleged as follows:

> [O]n or about February 16, 2016, one JOHN GIORDANO In the City of Girard, County of Trumbull, State of Ohio did: [recklessly] torture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water.  ***TO WIT*:**
>
> Did knee his rottweiler to the ground then hit the dog with a closed fist 5 times.
>
> **In violation of Section 959.13(A)(1) of the Ohio Revised Code.**

(Brackets, capitalization, underlining, and boldface sic.)  The state filed various exhibits with the complaint, including a police report, a report by the Animal Welfare League of Trumbull County, witness statements, photographs, and a video showing Giordano hitting his rottweiler.

{¶ 3} Giordano initially pleaded not guilty to the charge.  But before trial, he withdrew his not-guilty plea and entered a plea of no contest—a plea that

2

constitutes "an admission of the truth of the facts alleged in the * * * complaint." Crim.R. 11(B)(2). He signed a written plea agreement, "stipulating to the underlying facts contained in [the] complaint." In exchange, the state agreed to stand silent at sentencing. The trial court accepted Giordano's no-contest plea, found him guilty, and referred the matter for a presentence investigation. At sentencing, after conversing with Giordano about the incident, the trial court imposed a suspended jail sentence and a fine and ordered that the dog be forfeited to the Animal Welfare League.

{¶ 4} Giordano appealed, arguing that the trial court erred by failing to obtain an explanation of circumstances before finding him guilty. He relied on R.C. 2937.07, which provides, "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." The court of appeals agreed and reversed his conviction. And reasoning that the reversal for failure to obtain an explanation of circumstances was a reversal based on insufficient evidence, the court concluded that jeopardy had attached and barred further proceedings against Giordano. We accepted the state's discretionary appeal on the double-jeopardy issue.

## II. Analysis

{¶ 5} The question before us boils down to this: Is the constitutional guarantee that one not be placed twice in jeopardy violated by a second attempt at conviction following a reversal of a conviction for a failure to comply with the statutory explanation-of-circumstances requirement? To answer the question, we must consider two things: the constitutional prohibition against double jeopardy and the significance of a trial court's failure to comply with the explanation-of-circumstances requirement. We start with the protection against double jeopardy.

## A. The Protection Against Double Jeopardy

**{¶ 6}** Among the protections of the Fifth Amendment to the United States Constitution is that no person "be subject for the same offence to be twice put in jeopardy of life or limb." The Ohio Constitution contains a similarly worded guarantee: "No person shall be twice put in jeopardy for the same offense." Ohio Constitution, Article I, Section 10. In finding a double-jeopardy violation, the court of appeals did not specify whether it was relying upon the double-jeopardy provision of the Ohio or federal Constitution. Giordano has presented arguments under only the federal constitution. In the past, we have held the two guarantees to be "coextensive." *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1996). Because Giordano has not presented an argument under the Ohio constitution, we have no opportunity to revisit that determination today.

**{¶ 7}** Both provisions are rooted in protections afforded by English common law. *See Hurley v. State*, 6 Ohio 399, 402 (1834); Sigler, *A History of Double Jeopardy*, 7 Am.J.Legal Hist. 283 (1963). They are based upon "the three common-law pleas of autrefois acquit, autrefois convict, and pardon," which "prevented the retrial of a person who had previously been acquitted, convicted, or pardoned for the same offense." (Italics deleted.) *United States v. Scott*, 437 U.S. 82, 87, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978).

**{¶ 8}** We have read the double-jeopardy provisions as protecting against three distinct wrongs: "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Gustafson* at 432, citing *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The protection at issue in this case is the first: the bar against a second prosecution for the same offense following an acquittal.

**{¶ 9}** Historically, the common-law protection against double jeopardy applied only when a jury had rendered a verdict. *See Smith v. Massachusetts*, 543

U.S. 462, 466, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005). The protection has been extended, however, well beyond its common-law origins. *See id.* at 467; *Crist v. Bretz*, 437 U.S. 28, 34-35, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). The double-jeopardy principle now covers not only acquittals by a jury but also acquittals by a judge that are akin to a jury verdict. *See Smith v. Massachusetts* at 467. Thus, a ruling by a trial judge that the evidence presented by the state is "insufficient to establish criminal liability for an offense" amounts to an acquittal and bars retrial. *Evans v. Michigan*, 568 U.S. 313, 318-319, 133 S.Ct. 1069, 185 L.Ed.2d 124 (2013).

{¶ 10} The protection has been extended further to prevent retrial after an appellate court determines that the evidence presented at trial was insufficient to convict. The "ordinar[y]" rule is that the double-jeopardy guarantee "does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). But when an appellate court reverses for insufficiency of the evidence, the Double Jeopardy Clause bars retrial. *Id.* at 39; *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 18. The rationale is that "[b]ecause the Double Jeopardy Clause affords the defendant who obtains a judgment of acquittal at the trial level absolute immunity from further prosecution for the same offense, it ought to do the same for the defendant who obtains an appellate determination that the trial court *should* have entered a judgment of acquittal." (Emphasis sic.) *Lockhart* at 39.

{¶ 11} In contrast, when an appellate court's reversal is based on "trial error"—for example, an erroneous admission of evidence—the Double Jeopardy Clause does not bar retrial. *Lockhart* at 40; *Brewer* at ¶ 18. This is because, unlike a finding that the government failed to affirmatively prove its case, a reversal based on trial error simply means that the defendant "has been convicted through a

judicial *process* which is defective in some fundamental respect." *Brewer* at ¶ 18, quoting *Lockhart* at 40 (cleaned up).

{¶ 12} Thus, the question for us is whether the Eleventh District's reversal of Giordano's conviction constituted a reversal for insufficiency of the evidence or whether it was more akin to a reversal for trial error. To answer that question, we turn to the statutory requirement that a trial court obtain an explanation of circumstances prior to making a guilty finding on a no-contest plea.

### B. The Explanation-of-Circumstances Requirement

{¶ 13} R.C. 2937.07 sets forth the procedure for taking a no-contest plea in a misdemeanor case: "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." The statute further provides that no explanation of circumstances is required for a plea of no contest to a minor misdemeanor. *Id.* Crim.R. 11 reiterates that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint."

{¶ 14} The statute invites an obvious question: If a no-contest plea constitutes an admission to the facts alleged in the complaint, why must the court consider an explanation of circumstances before finding a defendant guilty? If the facts to which the defendant has admitted constitute sufficient evidence for a finding of guilt, should not that be enough?

{¶ 15} The answer is that the explanation-of-circumstances requirement exists to provide an extra layer of procedural protection to the defendant. We considered an earlier version of R.C. 2937.07 in *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 459 N.E.2d 532 (1984). The question in that case was whether Crim.R. 11 had superseded the statute. *Id.* at 149. At the time, R.C. 2937.07 provided: " 'If the plea be "no contest" or words of similar import in pleading to a misdemeanor,

it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances * * *.' " *Bowers* at 150, quoting former R.C. 2937.07, Am.Sub.S.B. No. 73, 128 Ohio Laws 97, 104-105. Crim.R. 11(B)(2) provided (and still provides): "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint * * *." Concluding that "R.C. 2937.07 confers a substantive right," the court determined that the statute was not superseded by Crim.R. 11 and therefore held that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Bowers* at 150. Turning to the facts of the case, which involved a charge of driving while intoxicated, the court considered whether the requirement of an explanation of circumstances was satisfied by the documentary evidence in the record—a chemical-breath-test report, the arresting officer's report, and the accident report. *Id.* Because there was no indication that the trial court had considered those documents or that an explanation of circumstances had been provided, we concluded that the guilty finding had to be vacated. *Id.* at 151.

{¶ 16} We said nothing in *Bowers* about whether double-jeopardy protections would bar retrial of the defendant. Rather, we remanded the case to the trial court with no indication that the defendant should be discharged from prosecution. *Id.* And nothing in *Bowers* speaks to the question whether a reversal for failure to obtain an explanation of circumstances is equivalent to a reversal for insufficiency of evidence. Subsequent to *Bowers*, however, a number of appellate districts have concluded that a reversal of a conviction for failure to comply with R.C. 2937.07 causes jeopardy to attach and precludes the state from retrying the matter.[1] In doing so, these courts, like the court of appeals in this case, have

---

[1] *See State v. Stewart*, 2d Dist. Montgomery No. 19971, 2004-Ohio-3103; *State v. Smyers*, 5th Dist. Muskingum No. CT 2004-0039, 2005-Ohio-2912; *State v. Fordenwalt*, 9th Dist. Wayne No. 09CA0021, 2010-Ohio-2810; *State v. Horvath*, 2015-Ohio-4729, 49 N.E.3d 847 (3d Dist.); *State v.*

assumed that a reversal for failure to comply with the explanation-of-circumstances requirement is equivalent to an acquittal based on insufficiency of the evidence. We disagree.

{¶ 17} The courts that have found a double-jeopardy bar have focused on the explanation-of-circumstances requirement and have ignored the importance of the fact that the defendant pleaded no contest. But as both Crim.R. 11 and the current version of R.C. 2937.07 make clear, a plea of no contest is an admission by the defendant to the facts alleged in the complaint. In the ordinary case—that is, when the complaint properly alleges the elements of a crime—such an admission provides sufficient evidence for a conviction. After all, when a defendant has admitted all the facts that constitute a crime, there necessarily is sufficient evidence for a conviction.

{¶ 18} The explanation-of-circumstances requirement does, however, provide a degree of protection for the defendant. In essence, it allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do not rise to the level of a criminal violation. *Bailey v. Broadview Hts.*, 721 F.Supp.2d 653, 658 (N.D.Ohio 2010), *aff'd* 674 F.3d 499 (6th Cir.2012), citing *Micale v. Boston Hts.*, 113 F.3d 1235 (6th Cir.1997). The case of *Springdale v. Hubbard*, 52 Ohio App.2d 255, 369 N.E.2d 808 (1st Dist.1977), provides an example of the manner in which the explanation-of-circumstances requirement may protect a defendant even though he has admitted the allegations of the complaint. There, the complaint provided that the defendant " 'did recklessly cause annoyance to another by making an offensively course [sic] utterance contrary to and in violation of Section 648.04(A) of the Springdale Codified Ordinances.' " *Id.* at 256. In order to ensure compliance with the First Amendment, the court of appeals construed the ordinance to prescribe only speech that constituted fighting words.

*Lloyd*, 2016-Ohio-331, 58 N.E.3d 520 (6th Dist.); *Berea v. Moorer*, 2016-Ohio-3452, 55 N.E.3d 1186 (8th Dist.).

*Id*. at 260. The court reviewed the statements made by the defendant as recounted in the explanation of circumstances and concluded that the defendant's statement did amount to fighting words, and thus upheld the conviction. *Id.* Presumably, had the explanation of circumstances revealed that the defendant did not use fighting words, the court would have reversed the conviction and discharged him from further prosecution due to insufficiency of the evidence.

{¶ 19} That the explanation-of-circumstances requirement is a procedural protection, rather than a part of the prosecution's burden of proof, is also evidenced by the fact that no such requirement exists in felony cases. In a felony case in which the "indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 692 N.E.2d 1013 (1998), syllabus. If an explanation of circumstances were necessary to establish the elements of the crime, the need for such a requirement would be even greater in felony cases—where the stakes are higher—than in misdemeanor cases.

{¶ 20} Thus, the explanation-of-circumstances requirement is best understood as providing a level of procedural protection to the defendant. It allows the court to find a defendant not guilty when the facts of the case do not rise to the level of a criminal violation.

### C. Application of Double-Jeopardy Protections to the Present Case

{¶ 21} We return to the question with which we started: Would retrial of Giordano violate principles of double jeopardy? To answer the question, we must determine whether the reversal of Giordano's conviction is tantamount to a reversal based upon insufficiency of evidence. The obvious answer is no. Go back to the complaint. When Giordano entered his no-contest plea, he admitted to the complaint's allegation that he had "unnecessarily or cruelly beat" his animal by "knee[ing] his rottweiler to the ground then hit[ting] the dog with a closed fist 5

times." In entering his plea, he admitted in open court to committing the essential elements of the crime for which he was charged. By neglecting to ask for an explanation of circumstances, the trial court failed to provide the defendant the procedural protection accorded by statute. But the trial court's error does not equate to a finding that there was insufficient evidence to convict.

{¶ 22} As further illustration of why the trial court's failure to call for an explanation-of-circumstances does not create a sufficiency problem, imagine for a second that the trial judge in this case had called for an explanation of circumstances. The requirement could have been met by Captain John Norman, the police officer who swore out the complaint, simply reciting the allegations of the complaint—the exact facts that Giordano had already admitted to in pleading no contest. Or the prosecutor could have read the complaint word for word. (Indeed, the error that occurred in this case can easily be avoided if the prosecution ensures an explanation is provided even if the court neglects to call for one.) Had either occurred, the explanation-of-circumstances requirement would have been satisfied. Yet the evidence against him would have been exactly the same as it was here.

{¶ 23} Our conclusion that there is no double-jeopardy problem here is consistent with the principle that has allowed the double-jeopardy protection to be extended from its original conception as applying only to an acquittal by a jury to applying to certain reversals by the courts of appeals. That is, a defendant who obtains a reversal based upon an appellate determination that the evidence is insufficient to convict ought to receive the same protection as a defendant who receives the same determination at the trial-court level. *Lockhart*, 488 U.S. at 39, 109 S.Ct. 285, 102 L.Ed.2d 265. The court of appeals' determination here was not that there was insufficient evidence of Giordano's crime but that the trial court erred in accepting Giordano's plea without affording him the protection of the explanation-of-circumstances requirement. In other words, Giordano was

10

"convicted through a judicial process which [was] defective in some fundamental respect." *Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, at ¶ 18 (cleaned up). Because the error related to a defect in procedure, rather than the sufficiency of the evidence, the Double Jeopardy Clause does not bar Giordano's retrial.

### III. Conclusion

{¶ 24} The Double Jeopardy Clause applies to bar retrial when an appellate court reverses a conviction based on insufficiency of the evidence. The reversal of Giordano's conviction was not based on insufficiency of the evidence but rather on a procedural error. Thus, the double-jeopardy protection does not bar his retrial. The decision of the court of appeals to discharge Giordano from further prosecution is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEGENARO, JJ., concur.

_____

Michael E. Bloom, for appellant.

Michael A. Partlow, for appellee.

Timothy Young, Ohio Public Defender, and Nikki Trautman Baszynski, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.

_____