MICHELLE J. SHEEHAN, J., DISSENTING:
{¶31} I believe sufficient evidence exists to support the conviction in this case based upon defendant's no contest plea and the explanation of circumstances in the record. While I question whether double jeopardy applies to an incomplete explanation of circumstances in light of the Ohio Supreme Court's recent decision in Girard v. Giordano , 2018-Ohio-5024, 122 N.E.3d 151, I dissent because the explanation of circumstances in this case was sufficient to establish the essential elements of the charged offenses.
{¶32} The Court in Girard explained that while an explanation of circumstances is required after a plea of no contest pursuant to R.C. 2937.07, "the explanation of circumstances requirement is a procedural protection, rather than a part of the prosecution's burden of proof." Id. at ¶ 19. The court further explained that "[i]f an explanation of circumstances were necessary to establish the elements of the crime, the need for such a requirement would be even greater in felony cases - where the stakes are higher - than in misdemeanor cases." Id. at ¶ 19.
{¶33} The explanation of circumstances requirement simply provides "a degree of protection for the defendant. In essence, it allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do no rise to the level of a criminal violation." (Citation omitted.) Id. at ¶ 18.
{¶34} In fact, the Ohio Supreme Court explained that the explanation of circumstances requirement could be met by a police officer or prosecutor "simply reciting the allegations of the complaint word for word." Id. at ¶ 22.
{¶35} Here, the prosecutor read the allegations in the police report, which met all the elements of the crime. The record reflects that when the trial court requested the prosecutor "to read the facts into the record that constitute the offense," the prosecutor stated in relevant part:
On 11/22 at approximately 16:56 hours Tackla and Nowak, two of our officers were dispatched to 954 Hillside Road to investigate a report of a hunter harassment. [They] arrived at 16:56 and the gentleman who contacted [them] was Matthew James, he's the complainant in this case. Matthew is permitted to bow hunt in the City of Seven Hills, he had a valid permit and was following [sic] to notify police if anyone attempted to prevent him from hunting. Matthew was seated in a previously approved hunting stand and pointed to two people standing at the southwest of his location in the woods. [The officers] made contact with the two people and [they] identified Lucy McKernan and Charles Cassady. They were standing in the woods on the property of 810 Hillside Road. It wasn't their property but they claimed to have permission to be there. Lucy had a maraca, those Spanish things or whatever, a maraca in one hand. Charles had a hand crank powered radio in hand and a maraca in his pocket. As [they] approached the woods, [they] could hear the sound of the radio as [they] stood just south of 954 Hillside Road, and that's actually *907 Mike Greer, the other officer, on [sic] think he heard the sound. [They] also observed a metal fire pit on top of the stump with an active fire inside the fire pit. Matthew stated Lucy was using the maraca to spook the deer away from the location in order to prevent him from shooting the deer with an arrow . He also had a cellphone video of Lucy doing this. Matthew provided a written statement indicating Charles was playing the hand crank radio as well as an alarm and Lucy was playing tamarins, which were actually maracas. Matthew is familiar with Lucy from previous contact between the two. I'm just trying to cut to the chase. [They] were familiar with Lucy from several previous contacts and [were] aware of her disagreement with bow hunting in the City of Seven Hills. She lives in the City and does not agree to it.
(Emphasis added.)
{¶36} Thus, the prosecutor set forth facts to support each element of the offenses at issue - including defendant's intent to use a maraca to "spook the deer away from the location in order to prevent [the hunter] from shooting the deer with an arrow."[5] While the facts reflect circumstantial evidence of the defendant's intent, circumstantial evidence is sufficient. State v. Garner , 74 Ohio St.3d 49, 60, 656 N.E.2d 623 (1995) (Intent can be determined from the surrounding facts and circumstances; intent can never be proved by the direct testimony of a third person, and it need not be.).
{¶37} Therefore, the explanation of circumstances in this case included the essential elements of the offenses.
{¶38} For these reasons, I dissent.

The hunter, Matthew James, provided a witness statement with further details of how, within minutes of him beginning to hunt from a tree stand, defendant was "shaking tamarins in her pocket" and a male with her was playing "a handheld radio with an alarm on it [and] walking around" while "3 bucks were heading my way. They spooked em off. One of the three bucks was wounded." However, because the record does not reflect the trial court considered the witness statement, we do not consider the additional facts as to whether the explanation of circumstances requirement is met. Berea v. Moorer , 2016-Ohio-3452, 55 N.E.3d 1186 (8th Dist.).