[Cite as *State v. Wisler*, 2019-Ohio-2363.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180326 |
| | | TRIAL NO. C-18CRB-12913 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| TINA WISLER, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  June 14, 2019


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Jon R. Sinclair,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    There is no question that a knowing, voluntary, and intelligent plea assumes a baseline level of competence from a defendant.  This case involves primarily the parameters of a trial court's discretion to evaluate that competence. For the reasons that follow, we hold that the defendant in this case was competent to enter her valid, no-contest plea, and we affirm the trial court's judgment.

{¶2}    Based on her religious convictions, appellant Tina Wisler does not believe that married couples should divorce, and this is apparently a strongly imbedded tenet of her faith.  Her ex-husband, apparently feeling otherwise, eventually obtained a divorce that Ms. Wisler has proven unable to accept. Understandably, this has precipitated a number of problems, and her ex-husband ultimately obtained a protective order obligating her to stay away from him. Nevertheless, Ms. Wisler has a penchant for violating that requirement, and the case before us arose when she wandered onto the front lawn of her ex-husband's home in violation of the prior protection order.

{¶3}    Facing an indictment for a misdemeanor violation of R.C. 2919.27, a day prior to the trial on this charge, her counsel filed a motion for a competency evaluation.  The next day, the trial court denied this motion and accepted a plea of no contest from Ms. Wisler.  She received a sentence of 180 days in the jail with credit for 20 days served. Ms. Wisler now appeals, challenging the propriety of her plea and her competency to enter into it.

{¶4}    Ms. Wisler's first assignment of error concerns whether her no-contest plea satisfied all of the procedural and substantive requirements for a plea.  R.C. 2937.07 governs "no contest" pleas in misdemeanor cases: "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the

truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of circumstances of the offense." No specific incantation is required; rather, there must be some recitation of facts that, if true, would support all the essential elements of a crime to reach a guilty verdict. *State v. Jenkins*, 3d Dist. Hancock Nos. 5-15-21, 5-15-22 and 5-15-23, 2016-Ohio-1428, ¶ 6. "[A] court may make its finding from the explanation of circumstances by the state." *State v. Waddell*, 71 Ohio St.3d 630, 631, 646 N.E.2d 821 (1995).

{¶5}     The Supreme Court of Ohio recently shed some light on this statute: "the explanation-of-circumstances requirement is best understood as providing a level of procedural protection to the defendant." *City of Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, 122 N.E.3d 151, ¶ 20. It is not, however, a barometer of the sufficiency of the evidence. *Id.* at ¶ 16 (holding that "reversal for failure to comply with the explanation-of-circumstances requirement" is not the equivalent of "acquittal based on insufficiency of the evidence").

{¶6}     At issue here is a violation of R.C. 2919.27(A)(2): "(A) No person shall recklessly violate the terms of any of the following: * * * (2) A protection order issued pursuant to section 2151.34, 2903.213, or 2903.214 of the Revised Code[.]" Ms. Wisler insists, first, that she did not actually admit or concede the facts read into the record pursuant to that charge. Second, she faults the absence of the protection order from the record, and therefore, reasons that the explanation-of-circumstances could not suffice to support a finding of guilt.

{¶7}     As to her first argument, Ms. Wisler admitted at the hearing that she knew there was a protection order and that she was not supposed to be at her ex-husband's home. She did not dispute her presence at his house in contravention of

3

the order. Rather, on appeal, she seizes on a statement where she responded "[a]nd that's not true" as evidence that she contested the predicate facts. But that rests on a myopic reading of her answer, and one divorced from context. She made that statement in response to the following part of the state's description of the incident: "She stated [to the responding officer] that she was trying to talk to her husband and that God or the courts could not keep her from her husband." In context (as reinforced by subsequent back-and-forth with the court), her statement related to this extraneous point about her conversation with the responding officer and not to the factual basis for the misdemeanor offense. Even Ms. Wisler's trial counsel acknowledged as much on the record. Therefore, this statement cannot unravel the plea.

{¶8} In her second argument, Ms. Wisler effectively asks the court to impose an evidentiary requirement in a no-contest-plea scenario. But this would go beyond what is contemplated by R.C. 2937.07, as explained by the *Giordano* decision. The essential elements of R.C. 2919.27(A)(2) are that an accused recklessly violated a valid protection order. The state recited when the incident occurred, the existence of a valid protection order, and that police officers found Ms. Wisler sitting on her ex-husband's lawn. This satisfies the threshold of procedural protection required by R.C. 2937.07, and the state did not need to produce the protection order in the absence of any dispute as to its existence or terms. Neither issue raised by Ms. Wisler has merit, and we overrule her first assignment of error.

{¶9} Ms. Wisler's second and third assignments of error concern her mental state vis-à-vis her plea. She styles her second assignment of error as related to a "competency hearing," but the motion itself and the discussion of the motion in the transcript reflect a motion for a "competency evaluation." These concepts are

distinct and addressed by different Revised Code sections. R.C. 2945.37(B) deals with competency hearings and provides that, if raised before trial, "the court shall hold a hearing." The code section dealing with competency evaluations, R.C. 2945.371, states, by contrast: "If the issue of a defendant's competence to stand trial is raised * * * the court *may* order one or more evaluations of the defendant's mental condition * * *." (Emphasis added.) In short, this provision grants a measure of discretion to the trial court. *See State v. Bailey*, 90 Ohio App.3d 58, 67, 627 N.E.2d 1078 (11th Dist.1992) ("[T]he use of the word 'may' supports the conclusion that a trial court is not required to order an evaluation * * * every time [the defendant] raises the issue. Instead, the wording of the statute implies that the order of an examination is a matter within the discretion of the trial court."); *State v. Stahl*, 2d Dist. Greene No. 2004-CA-69, 2005-Ohio-2239, ¶ 19 (same); *State v. Nisley*, 3d Dist. Hancock No. 5-13-25, 2014-Ohio-1137, ¶ 28 (same).

{¶10} In most instances, a competency evaluation would flow, if at all, from an initial determination after a hearing that a defendant might be incompetent. A defendant is presumed competent and carries the burden (by a preponderance of the evidence) to show otherwise. R.C. 2945.37(G); *Nisley* at ¶ 28 ("[I]t is the defendant's burden to prove * * * that he is incompetent to stand trial."). A competency hearing need not display a particular level of formality or rigidity of procedure. *See, e.g., Bailey* at 66 (trial court "interviewed appellant, and then decided that an examination was not needed."); *State v. Dye*, 5th Dist. Licking No. 99-CA-2, 1999 WL 770619, *3 (Sept. 2, 1999) (interview with defendant sufficient for competency determination). The standard of appellate review on competency determinations is "whether the trial court's conclusion was supported by competent, credible

evidence." *State v. Stanley*, 121 Ohio App.3d 673, 686, 700 N.E.2d 881 (1st Dist.1997), citing *State v. Williams,* 23 Ohio St.3d 16, 19, 490 N.E.2d 906 (1986).

{¶11}     Legal incompetence comprises the capabilities of "understanding the nature and objective of the proceedings" and of "assisting in the defendant's defense." R.C. 2945.37(G). "[T]he term 'mental illness' does not necessarily equate with the definition of legal incompetency." *State v. Berry*, 72 Ohio St.3d 354, 362, 650 N.E.2d 433 (1995). "Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986).

{¶12}     Turning to the record at hand, the transcript is filled with Ms. Wisler's lengthy, proffered explanations as to why her prior actions represent her attempts to act consistently with her religious beliefs. Ms. Wisler did not, however, proffer sufficient evidence of legal incompetence to warrant an evaluation. The trial court engaged extensively with Ms. Wisler about her religious beliefs and why her corresponding actions were inconsistent with the law. However unorthodox her beliefs, she was cogent enough to warrant a considerable amount of the trial court's time in discussing these topics. The trial court walked away with the impression that she did not labor under any competency problem and that her actions were obstinately taken in response to her religious conviction—notwithstanding the consequences. In fact, just after the trial court denied the motion for a competency evaluation on the record, Ms. Wisler's trial counsel remarked: "I think that she understands that she violated Ohio law."

{¶13}     In addition, isolated remarks to the effect that she did not understand the plea or the proceedings are contrasted with the distinct impression, following an overall reading of the transcript, that she understood that she violated secular laws and the consequences thereof.  Perceived inconsistencies between her faith and Ohio law is not equivalent to a subjective failure to understand her plea and related matters for purposes of the legal-competence analysis.  The second assignment of error is overruled.

{¶14}     For the same reason, these isolated remarks do not support holding that her no-contest plea was not knowing, voluntary, and intelligent for purposes of Crim.R. 11(E) and her third assignment of error.  Ms. Wisler also charges that the trial court only offered an explanation of her plea *after* finding her guilty.  Again, a comprehensive reading of the transcript assuages this concern.  The trial court did not make a final determination until Ms. Wisler acknowledged that she understood the plea.  The third assignment of error is overruled.

{¶15}     For the reasons discussed above, all three assignments of error are overruled, and we affirm the trial court's judgment.

Judgment affirmed.

MOCK, P.J., and WINKLER, J., concur.

Please note:
    The court has recorded its own entry this date.