[Cite as *Animal Control v. Keller*, 2023-Ohio-3995.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| ANIMAL CONTROL | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-49 |
| | : | |
| v. | : | Trial Court Case Nos. CRB2100837A; |
| | : | CRB2100965A; CRB2100965B; |
| NICOLE M. KELLER | : | CRB2100966A; CRB2100966B |
| | : | |
| Appellant | : | (Criminal Appeal from Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 3, 2023

. . . . . . . . . . .

MATTHEW J. BARBATO, Attorney for Appellee

ROBERT ALAN BRENNER, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Nicole M. Keller appeals from a resentencing following her conviction on misdemeanor charges of failure to confine or control a dog in three cases.[1]

{¶ 2} Keller contends the trial court lacked subject-matter jurisdiction to proceed in

---

[1] Although Keller referenced Fairborn M.C. No. CRB2100966 in her notice of appeal, her appellate brief contains no arguments related to that case.

one of the cases because the complaint failed to recite the subsection of the statute she allegedly violated. She also claims the trial court erred in accepting her no-contest plea in that case and making a finding of guilt where the charge was not specified and there was no "statement of facts." Finally, she argues that the trial court abused its discretion in ordering her two dogs to be destroyed.

{¶ 3} We conclude that the absence of statutory subsection did not deprive the trial court of subject-matter jurisdiction, that Keller's plea was valid, and that the trial court did not abuse its discretion in ordering her dogs to be euthanized. Accordingly, the trial court's judgments will be affirmed.

## I. Background

{¶ 4} In Fairborn M.C. No. CRB2100837, Keller pled no contest to one count of failure to confine or control a dog, a fourth-degree misdemeanor, and was found guilty.

{¶ 5} In Fairborn M.C. No. CRB2100965, Keller pled guilty to two counts of failure to confine or control a dangerous dog, a third-degree misdemeanor.

{¶ 6} In Fairborn M.C. No. CRB2100966, Keller pled guilty to two counts of failure to confine or control a dangerous dog, a third-degree misdemeanor.

{¶ 7} During a sentencing hearing, the trial court imposed a combination of suspended jail sentences with unclear references to consecutive and concurrent service. The trial court's judgment entries also differed from the sentences it orally imposed. On direct appeal, we pointed out ambiguities in the sentences. For that reason, we reversed the trial court's judgment in each case and remanded for a new sentencing hearing. *See Animal Control v. Keller*, 2d Dist. Greene Nos. 2021-CA-34, 2021-CA-35, 2021-CA-36,

2022-Ohio-2164.

{¶ 8} The trial court held a new sentencing hearing on August 11, 2022. It then filed new judgment entries imposing suspended jail terms in each case. The trial court clarified the consecutive or concurrent nature of the sentences. It also imposed sanctions including fines, court costs, and restitution. As it had in its original judgment entry, the trial court ordered the two dogs at issue to be euthanized. This order was stayed pending appeal.

## II. Analysis

{¶ 9} Keller's first assignment of error states:

THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION IN CRB2100837A ON COUNT II.

{¶ 10} Keller challenges the validity of her conviction on one count of failure to confine or control a dog in Fairborn M.C. No. CRB2100837. She contends the trial court lacked subject-matter jurisdiction to proceed because the complaint failed to recite the subsection of the statute she allegedly violated. The complaint alleged that she had "[f]ail[ed] to confine or keep dog(s) under reasonable control, contrary to ORC 955.22[,] to wit: Male Pit Bull Blue White 'Duke.' " Keller notes that this charge more specifically was a violation of R.C. 955.22(C). She argues that the absence of a reference to the applicable subsection resulted in a lack of notice, thereby depriving the trial court of subject-matter jurisdiction.

{¶ 11} Keller's argument implicates Crim.R. 3(A), which provides: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also

state the numerical designation of the applicable statute or ordinance." Here Keller's complaint did state the essential facts constituting a violation of R.C. 955.22(C), and it did include the numerical designation 955.22.

{¶ 12} The absence of a specific subsection in a complaint is permissible where the factual allegations make the violation clear. *State v. Stefanopoulos*, 12th Dist. Butler No. CA2011-10-187, 2012-Ohio-4220, ¶ 21; *State v. Jones*, 1st Dist. Hamilton Nos. C-120570, C-120571, 2013-Ohio-4775, ¶ 15. In *State v. Mays*, 104 Ohio App.3d 241, 661 N.E.2d 791 (2d Dist.1995), this court considered a complaint that cited a non-existent statute. Despite that more significant defect, we held that the trial court possessed subject-matter jurisdiction. We reasoned that "where the text of the complaint is sufficient to satisfy the essential purpose of placing the defendant on notice of the charge against him, a misnumbering of the section of the applicable statute or ordinance having no tendency to mislead the defendant as to the nature of the offense with which he was charged would not, in our view, constitute a defect of jurisdictional magnitude." *Id.* at 246.

{¶ 13} Here Keller's complaint referenced the correct statute, R.C. 955.22. It also contained language that recited a violation of R.C. 955.22(C). Under these circumstances, the complaint placed her on notice of the offense at issue notwithstanding the lack of a specific reference to subsection (C). The omission of the subsection did not deprive the trial court of subject-matter jurisdiction. The first assignment of error is overruled.

{¶ 14} Keller's second assignment of error states:

THE TRIAL COURT ERRED WHEN ACCEPTING KELLER'S NO

CONTEST PLEA IN CRB 2100837.

{¶ 15} Keller challenges the validity of her no-contest plea to one count of failure to confine or control a dog in Fairborn M.C. No. CRB2100837. She again relies on the absence of a reference to subsection (C) in the complaint alleging a violation of R.C. 955.22. Without a reference to the subsection, Keller contends the record fails to establish the specific offense to which she entered a plea, making the plea itself invalid. She also maintains that there was no "statement of facts" from which the trial court could have found her guilty.

{¶ 16} Keller's arguments lack merit. As explained above, the language of the complaint made clear that she was charged with failing to confine or keep her dog Duke under control in violation of R.C. 955.22(C). Therefore, the offense to which she entered a no-contest plea was apparent. Keller's passing reference to the lack of a "statement of facts" might be intended to address R.C. 2937.07, which requires an "explanation of circumstances" before a judge may make a finding of guilt on a no-contest plea to a misdemeanor other than a minor misdemeanor. "[T]he explanation-of-circumstances requirement is best understood as providing a level of procedural protection to the defendant." *City of Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, 122 N.E.3d 151, ¶ 18-19. It enables a trial court to acquit a defendant where the actual facts do not establish a crime notwithstanding a defendant's admission to the allegations of the complaint through a no-contest plea. *Id.*

{¶ 17} Here Keller's attorney expressly waived an explanation of circumstances during her September 9, 2021 plea hearing and stipulated to the facts. Therefore, the trial

court did not err in finding her guilty without an explanation of circumstances. We note too that a trial court's failure to elicit an explanation of circumstances prior to making a finding of guilt is not an error of jurisdictional magnitude. In *Giordano*, the Ohio Supreme Court found the error to be somewhat akin to "trial error." The lack of an explanation of circumstances may render a conviction voidable on direct appeal. But Keller did not raise that issue in her first direct appeal, and our remand was solely for purposes of resentencing. Therefore, res judicata would preclude her from challenging her conviction now even if her attorney had not waived an explanation of circumstances. The second assignment of error is overruled.

{¶ 18}  Keller's third assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING THE DOGS TO BE DESTROYED.

{¶ 19} Keller challenges the trial court's order in Fairborn M.C. No. CRB2100965 for her two dogs to be humanely euthanized. She points out that R.C. 955.99(G) authorized the trial court to deal with the situation in multiple ways, including (1) ordering her personally to supervise the dogs, (2) requiring the dogs to complete obedience training, (3) ordering her to obtain liability insurance, and (4) requiring the dogs to be destroyed.

{¶ 20} Keller argues that one of the lesser alternatives to destruction would protect the public. Although her dogs bit two people when they escaped her yard on one occasion, she notes that they did not bite anyone when they briefly escaped two other times. She also cites the absence of evidence that the biting incident caused severe

injuries.

**{¶ 21}** We conclude that the trial court's order for Keller's dogs to be euthanized was not an abuse of discretion. During her original September 2021 sentencing hearing, the trial court stated that it did not make its decision "lightly," suggesting that it gave the issue thoughtful consideration. The trial court also cited the existence of prior incidents, pointing out that Keller had been involved with this type of charge a total of four times. The trial court was not obligated to find that a solution short of destruction adequately would protect the public. The fact that the dogs did not bite someone every time they escaped fails to establish an abuse of discretion in the trial court's decision. The order for the dogs to be destroyed was not unreasonable, arbitrary, or unconscionable. The third assignment of error is overruled.

### III. Conclusion

**{¶ 22}** The trial court's judgments are affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.