[Cite as *Animal Control v. Keller*, 2022-Ohio-2164.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| ANIMAL CONTROL | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2021-CA-34, |
| | : | 2021-CA-35, 2021-CA-36 |
| v. | : | |
| | : | Trial Court Case Nos. CRB2100837A, |
| NICOLE M. KELLER | : | CRB2100966A, CRB2100966B, |
| | : | CRB2100965A, CRB2100965B |
| Defendant-Appellant | : | |
| | : | (Criminal Appeal from Municipal Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of June, 2022.

. . . . . . . . . . .

BETSY A. DEEDS, Atty. Reg. No. 0076747, Assistant City of Fairborn Prosecuting Attorney, 510 West Main Street, Fairborn, Ohio 45324
    Attorney for Plaintiff-Appellee

DONALD K. POND, Atty. Reg. No. 0068880, 567 East Turkeyfoot Lake Road, Suite 107, Akron, Ohio 44319
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Nicole M. Keller appeals from her conviction on multiple misdemeanor charges of failure to confine or control a dog in three cases.

{¶ 2} Keller contends the trial court erred in each case by journalizing a sentence that conflicts with the sentence orally imposed at her sentencing hearing. The State effectively concedes error and "does not object" to Keller's request for resentencing.

{¶ 3} We agree that the trial court's journalized sentence in each case differs from the sentence it orally imposed. Accordingly, we will reverse the trial court's judgment in each case and remand for resentencing.

## I. Background

{¶ 4} In Fairborn M.C. No. CRB2100837, Keller pled no contest to one count of failure to confine or control a dog, a fourth-degree misdemeanor, and was found guilty.

{¶ 5} In Fairborn M.C. No. CRB2100965, Keller pled guilty to two counts of failure to confine or control a dangerous dog, a third-degree misdemeanor.

{¶ 6} In Fairborn M.C. No. CRB2100966, Keller pled guilty to two counts of failure to confine or control a dangerous dog, a third-degree misdemeanor.

{¶ 7} The trial court held a September 30, 2021 sentencing hearing for all three cases. In Case No. CRB2100837, the trial court imposed and suspended a 30-day jail sentence along with a fine, restitution, and an order to pay costs.

{¶ 8} In Case No. CRB2100965, the trial court imposed and suspended a 30-day jail sentence on each charge "running concurrently or consecutively to the other cases." The trial court also ordered Keller to pay a fine and costs.

{¶ 9} In Case No. CRB2100966, the trial court imposed and suspended "30 days

of jail running cons—concurrently or consecutively to the other case." It also ordered Keller to pay a fine and costs.

{¶ 10} The trial court's subsequent journal entry in Case No. CRB2100837 ordered the suspended jail sentence to be served consecutive to the sentences in the other two cases.

{¶ 11} The journal entry in Case No. CRB2100965 ordered the two suspended jail sentences to be served concurrent to each other and consecutive to the sentences in the other two cases.

{¶ 12} Finally, the journal entry in Case No. CRB2100966 ordered the two suspended jail sentences to be served concurrent to each other and consecutive to the sentences in the other two cases.

{¶ 13} The trial court stayed execution of sentence pending appeal in each case.

## II. Analysis

{¶ 14} In her sole assignment of error, Keller contends the sentences imposed in the three judgment entries differ from the sentences imposed at her sentencing hearing. Keller notes that the journal entry in Case No. CRB2100837 made her sentence consecutive to the sentences in the other two cases, whereas the trial court did not mention consecutive service at the sentencing hearing. In Case No. CRB2100965, the journal entry made her two sentences concurrent with each other and consecutive to the sentences in the other two cases, whereas at the sentencing hearing the trial court imposed two sentences "running concurrently or consecutively to the other cases." In Case No. CRB2100966, the journal entry made her two sentences concurrent with each

other and consecutive to the sentences in the other two cases, whereas the trial court orally imposed "30 days of jail running cons—concurrently or consecutively to the other case."

{¶ 15} The primary problem in Case No. CRB2100837 is that the trial court did not mention consecutive service at the sentencing hearing. The primary problem in Case No. CRB2100965 is that the trial court orally imposed her sentences "concurrently or consecutively" with the other cases, which does not make sense. It also did not specify whether the two suspended sentences in that case were to be served concurrently or consecutively with each other. The problems in Case No. CRB2100966 are three-fold. First, the trial court orally imposed "30 days of jail" without making clear whether that was on one or both convictions. Second, the trial court stated that the suspended 30-day sentence was to be served "concurrently or consecutively," which makes no sense. Third, the trial court stated that the sentence was to be served concurrently or consecutively "to the other case," which is unclear because there were two other cases. The trial court later journalized sentences in all three cases that varied from the terms recited at the sentencing hearing.

{¶ 16} We have recognized that " 'a trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant's presence.' " *State v. Culver*, 160 Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 70 (2d Dist.), quoting *State v. Aliane*, 10th Dist. Franklin No. 03AP-840, 2004-Ohio-3730, ¶ 8; *see also State v. Walker*, 2d Dist. Clark Nos. 2013-CA-8, 2013-CA-9, 2014-Ohio-526, ¶ 22. In such a case, one remedy is a remand for resentencing with the

defendant present. *Culver* at ¶ 70, citing *State v. Ranieri*, 84 Ohio App.3d 432, 434, 616 N.E.2d 1191 (8th Dist. 1992). A second possible remedy is the appellate court's modification of a judgment entry to impose a more lenient sentence pronounced at the sentencing hearing. *State v. Rutledge*, 2d Dist. Montgomery No. 11961, 1991 WL 21508, *3 (Feb. 21, 1991).

{¶ 17} We agree with the parties that the terms of the judgment entries differed from the sentences orally imposed in Keller's presence. To some extent, the judgment entries needed to modify what was imposed at the sentencing hearing because orally imposing sentences "consecutively or concurrently" to other sentences effectively says nothing. Therefore, it is impossible for us to modify the judgment entries to impose the sentences pronounced at sentencing. In light of the parties' mutual request for resentencing and the other problems identified above, we find a remand for resentencing appropriate. Accordingly, Keller's assignment of error is sustained.

### III. Conclusion

{¶ 18} We reverse the trial court's judgment in Case Nos. CRB2100837, CRB2100965, and CRB2100966 and remand for resentencing with a new sentencing hearing in each case.

. . . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Betsy A. Deeds
Donald K. Pond
Hon. Beth W. Cappelli